## COMMONWEALTH *vs.* FRANCIS O. J. SMITH.

After the verdict on an indictment has been set aside on a motion for a new trial, and before further proceedings in the case, the attorney for the government may enter a *nolle prosequi.*

INDICTMENT for subornation of perjury. At the trial in the superior court, the jury returned a verdict of guilty, which was set aside on the defendant's motion, as against the evidence, and for newly discovered evidence.

At the next term, the defendant, having given previous notice of his intention, appeared and demanded a new trial, but *Russell,* J., permitted the attorney for the government to enter a *nolle prosequi,* against the objection and protest of the defendant, who, contending that he was entitled to have a jury pass upon the case, alleged exceptions.

The defendant, *pro se.*

*C. Allen,* Attorney General, for the Commonwealth.

BIGELOW, C. J. It having been adjudged by competent authority that the verdict heretofore rendered in this case was founded upon insufficient evidence, and that additional evidence, material to the issue, has been newly discovered, that verdict has been set aside and a new trial ordered. The case therefore now stands to be determined in like manner as if no trial had taken place and no verdict had been rendered against the defendant. The question raised by the exceptions thus resolves itself into the single inquiry whether, after an indictment has been found and returned into court, and before any proceedings have been had thereon, the attorney for the government has authority to enter a *nolle prosequi* on the indictment. We can hardly deem this an open question. The exercise of such an authority is not only in conformity to the ancient and uniform practice in the courts of this Commonwealth, but it has been distinctly recognized by this court as being reasonable and proper, and not inconsistent with the legal rights of the defendant. *Commonwealth* v. *Wheeler,* 2 Mass. 174. *Commonwealth*

v. *Tuck,* 20 Pick. 356, 365. In the latter case it is expressly stated by the court that " it is perfectly clear that a *nolle prosequi* may be entered at the pleasure of the prosecuting officer " before a jury is impanelled. The reasons for the practice are there stated, and they are numerous and decisive. Nor can we see that there are any valid objections to it. Such a mode of disposing of an indictment can in no way impair or affect the rights of the accused party in any future prosecution for the same offence. That it will not be resorted to capriciously or oppressively, so as to work any undue hardship on defendants, is sufficiently guarded against by intrusting the exercise of the power to the sound discretion of an officer of the government, whose function it is to watch over and direct the course of criminal prosecutions, and who can have no motive to use the authority vested in him in a manner inconsistent with a due regard to the rights and interests of all parties. For this reason, decisions of courts in which private prosecutors promote, manage and conduct prosecutions for criminal offences, can have no weight or authority on the point in question in the courts of this Commonwealth. *Exceptions overruled.*