## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### THE KING *vs.* A. MANNER.

A NOLLE PROSEQUI of an APPEAL is no bar to a subsequent trial.

ALLEN, C. J.   The defendant was convicted of the larceny of cattle by the District Magistrate of Koolauloa about the 25th of October last past, from whose judgment he appealed to this Court, and the same is now pending.   The defendant, by his attorney, files a plea in bar to any further proceedings in this case, in which he alleges that he was duly convicted by the same District Justice on or about the —th of August

for the same act of larceny, from which he appealed to the Supreme Court, and that the same was entered at the last October term, and that at the same term of said Court a *nolle prosequi* was entered by the Deputy Attorney General, with the consent of the Court.

The counsel for the defendant contends that as the law will not suffer a man to be twice put in jeopardy for the same offence, that this defendant should be discharged. He contends that the judgment of the magistrate and the discontinuance of the complaint on the appeal from said judgment, is the same in principle as if the defendant had been indicted, tried and acquitted.

It is an admitted principle that there cannot be legally a second prosecution when there has once been a verdict of acquittal, or conviction, regularly had upon a sufficient indictment.

It is contended that as the discontinuance of proceedings in the Appellate Court operated by force of law to defeat the judgment of the magistrate, that therefore it is analogous to an acquittal *after trial.*

The Code is in these words: "Any person acquitted on trial of any charge of any offence upon the ground of variance between the indictment, information or complaint and the proof, or upon any exception to the form or to the substance of the indictment, information or complaint, may be subsequently tried and convicted of such offence under a new indictment, information or complaint, notwithstanding such former acquittal."

By the provision of the Code, a man may be tried and convicted upon a subsequent indictment for the same offence when he was discharged upon insufficient indictment, and by Section 1010 of the Code it is provided that when an appeal is duly taken and perfected in any case provided for in this chapter, this shall immediately thereafter operate as an arrest of judgment and stay of execution. If, for example, a dis-

charge is made by a coroner's inquest or grand jury, it will not be contended that it is a bar to a subsequent prosecution.

It will not be denied that after a man is arrested, and discharged by the committing magistrate, he is still liable to a new indictment. In the case at bar, the judgment of the magistrate was that the defendant was guilty, and a discontinuance was entered in the Appellate Court before trial. This cannot be considered as analogous to an acquittal after trial by a jury on a good and sufficient indictment.

The constitutional provision is, that a man shall not be twice put in jeopardy for the same offence, and a performance of the sentence pursuant to the judgment would constitute a bar to an indictment for the same offence. Com. *vs.* Loud, 3 Met., 328.

In the case of the People *vs.* Casborous, 13 Johns., 351, the Court say that if, after a prisoner has been convicted, the judgment is arrested, the proceedings set aside, and the prisoner discharged, he cannot be said to have been legally placed in jeopardy, and cannot plead the arrest in bar to a subsequent indictment.

In this case, the proceedings of the magistrate were set aside and his judgment virtually arrested, and it does not present so strong a case for the defendant as that referred to in Johnson, as in that case the defendant had been convicted by a jury.

We regard the conviction in the magistrate's court as conclusive when the sentence is complied with, but on an appeal when a discontinuance is made, it is analogous to a *nolle prosequi* on an indictment, and we regard it as no bar to subsequent proceedings. 3 Metcalf, 328, Com. *vs.* Loud ; 13 Mass., 455, *vs.* Goddard.

Plea in bar adjudged bad.

Attorney General for the Crown.

A. F. Judd for defendant.

Honolulu, January 17th, 1872.