## THE PEOPLE v. NICHOLAS PLINE.

*Criminal law—Larceny—Omission of Christian name of owner of stolen property from complaint and warrant, an irregularity—May be waived by respondent, and is curable by amendment under How. Stat. sec. 9537 —In either case complaint sufficient, upon conviction, to support judgment—Disagreement of jury—Nolle pros. by prosecuting attorney, and discharge of respondent, do not put him in jeopardy.*

1. The omission in a complaint for larceny in justice's court, and in the warrant issued thereon, of the *Christian* name of the owner of the *stolen* property, is an *irregularity* which respondent might *waive*, and which could be *cured* by amendment under How. Stat. § 9537. In *either* case the complaint would be sufficient, upon conviction, to support a judgment against the respondent.

2. Respondent was tried for larceny in justice's court and the jury disagreed and were discharged, whereupon the prosecuting attorney *nolle prosequied* the case, and re-arrested respondent for the same offense, who pleaded the former proceedings and discharge in bar.
   *Held,* that he had not been placed in jeopardy, and that the action of the prosecuting attorney, if taken in good faith, is not subject to criticism.

Exceptions before judgment from Ionia. (Smith, J.) Argued April 21, 1886. Decided April 29, 1886.

Respondent was convicted of larceny. Affirmed. The facts are stated in the opinion.

*B. H. Bartow* and *F. D. M. Davis*, for respondent:

The *first* complaint was not *fatally* defective in omitting the Christian name of the owner of the stolen property; such defect was at most a mere irregularity, curable by amendment under How. Stat. § 9537, which, while referring to indictments, is applicable to criminal proceedings in justice's court: *Near v. Van Alstyne*, 14 Wend. 230; and the filing and service of notice of the omitted name amounted to such amendment. The respondent could no longer be misled, and the court thereupon had jurisdiction to try said cause; and having acquired jurisdiction, a conviction or acquittal is a bar to further prosecution for the same offense, although the proceedings are so defective that they might be reversed on error: Tiff. Cr. Law, 400; *Stevens v. Fassett*, 27 Me. 266; if this be so, the trial and disagreement of the jury placed respondent in legal jeopardy, and he is protected by the constitutional inhibition: 1 Bishop's Cr. Law, § 1016; *People v. Jones*, 48 Mich. 555; *People v. Webb*, 38 Cal. 467; *Hines v. State*, 24 Ohio, 134; *Joy v. State*, 14 Ind. 139.

Jeopardy having thus attached, the prosecuting officer is not entitled during the trial to enter a *nolle pros.*, or if he enters it, even with the consent of the court, or withdraws a juror and thus prevents further hearing, the legal effect is an acquittal: 1 Bishop's Cr. Law, § 1016; *People v. Jones*, 48 Mich. 555; and he may plead such former acquittal, or prove it under plea of not guilty, or may do both: How. Stat. § 9070; *Clem v. State*, 42 Ind. 420.

*Moses Taggart*, Attorney General, for the People:

To constitute a sufficient plea in bar of former acquittal, the offenses must be identical in fact and law, and this allegation should be specifically made: 1 Bishop's Cr. Proc'd, § 580; *Rex v. Dann*, 1 Moody, 424;

An examination of the plea shows that in the *first* complaint the stolen property is alleged to be the property of "Mr. Smith," and in the *second* of Stanley P. Smith, and the complaining witness is different in each complaint; hence respondent's plea was insufficient: *Com. v. Andrews*, 2 Mass. 408; 1 Russell on Crimes, p. 62; 1 Bishop's Crim. Law, § 1053; *Morgan v. State*, 34 Texas, 677.

The only way of taking advantage of a former acquittal

is by this plea, and not by motion in arrest of judgment: 1 Bishop's Crim. Proc'd, § 579; *State v. Barnes*, 32 Me. 530; hence respondent's motion for a discharge, based on the claim that the evidence showed his former trial and acquittal for the same offense, was not well founded, even if the facts were as claimed.

To constitute such former trial and acquittal a bar, the trial must have been on a valid complaint or indictment, so that the judgment rendered would be legal and binding on respondent: Archbold's Crim. Pr. & Pl. (8th ed.) pp. 338–47; *Kohlheimer v. State*, 39 Miss. 548; *Com. v. Roby*, 12 Pick. 503; 1 Bishop's Crim. Law, § 1021.

The first complaint was made simply upon information, and alleges " that the complainant hath just cause to suspect, and does suspect, that respondent did feloniously steal," etc., the property. It was insufficient to confer any jurisdiction on the justice: *People v. Heffron*, 53 Mich. 527; and while this Court, in *People v. Harding*, Id. 486, suggested that the privilege and right was enlarged by the Const. Art. 7, § 29, we do not understand the court to intimate that an absolutely void proceeding can be held a trial on the merits and a bar to further prosecution.

It has been held that where an indictment is quashed upon defendant's motion, he cannot assert thereafter that it was good and insist that he was placed in jeopardy thereunder: 1 Russell on Crimes, p. 60 (n.); *Joy v. State*, 14 Ind. 139; and it is suggested that this rule should be held applicable to this case, even though respondent's motion was denied.

A trial resulting in a disagreement of the jury is no bar to a future trial: Cooley's Const. Lim. 404; *People v. Goodwin*, 18 Johns. 202; *People v. Schoeneth*, 44 Mich. 490–1; *People v. Harding*, 53 Id. 482–83; *State v. Nelson*, 26 Ind. 366; *U. S. v. Perez*, 9 Wheat. 579; *Com. v. Tuck*, 20 Pick. 356; *Ex parte Laughlin*, 41 Cal. 211.

SHERWOOD, J. The respondent was prosecuted before a justice of the peace, in the county of Ionia, for stealing a horse-blanket of the value of three dollars.

Upon the trial the jury disagreed, and were discharged, and the cause was continued until the fifteenth of December, 1885, at which time the prosecuting attorney *nolle prosequied* the case.

On the same day, and after the discharge of the defendant,

a new complaint was made, and warrant issued by the same justice, charging the respondent with the same offense; and, on being arrested and taken before the justice, he pleaded the first proceedings against him, and his discharge by the court, in bar. To this plea demurrer was interposed by the prosecuting attorney. The demurrer was sustained by the justice, and respondent excepted. A trial was then had, and the respondent was convicted of the larceny. He then took his appeal to the circuit court, where the same ruling was had upon the demurrer; and, on trial being had in the circuit, he was again convicted, and he now brings the case here on exceptions before sentence for review.

The only exceptions of importance go to the sufficiency of the plea in bar, and the refusal of the court to quash the proceedings on motion of respondent.

The complaint and warrant in the first case did not state the first name of the party who owned the stolen property, but notice was thereafter given to respondent what the name was. It was a matter which might have been waived by the respondent, and the irregularity was one which might have been cured by amendment under our statute: How. Stat. § 9537; *People v. Henssler*, 48 Mich. 49. The complaint in the first case, with such amendments as might have been properly made thereto, or if the irregularities to which our attention has been called had been waived by the respondent, would have been sufficient to support a judgment against the respondent had the first jury convicted him.

The question still remains, regarding the complaint and warrant in that case sufficient to have supported a conviction if one had been had, does the disagreement of the jury and the *nolle prosequi* of the case, and discharge of the respondent, furnish him a perfect defense on the trial for the same offense upon the merits? If the case had not been *nolle prosequied* it certainly would not: *People v. Green*, 13 Wend. 55; *U. S. v. Perez*, 9 Wheat. 579; *People v. Webb*, 38 Cal. 467; *People v. Dowd*, 44 Mich. 489.

It is not claimed by the defense, as I understand the case, that had the public prosecutor, at any time before the jury

was impaneled, discontinued proceedings against the respondent, he would have imperiled the people's right to further prosecute him. If this be so, and the jury's failure to agree did not place the respondent in jeopardy, it is a little difficult to see how both these things occurring could place him in jeopardy. I confess my judgment fails to approve the reasoning by which such a result can be worked out.

In all such cases there may be special and good reasons why the prosecutor may desire to commence the proceedings against the respondent *de novo*, and avoid technicalities which always beset every step taken in the progress of a criminal trial when the respondent makes a contest, and which so frequently deprive the people of a successful result when the proceedings are reviewed in courts of last resort; and such a course, when taken in good faith, is not subject to criticism, but rather to be encouraged on the part of public prosecutors.

I find no error in the proceedings had in this case requiring us to discharge this respondent, and the circuit judge is advised to proceed to judgment in the case.

CHAMPLIN, J., concurred.

CAMPBELL, C. J. (dissenting). In this case the jury, after being out only fifteen minutes, announced they were ready to render their verdict, and then stated they disagreed. I do not think that so speedy a discharge, which was evidently determined on by the jury for themselves, is within any admissible discretionary power of a justice, and it was, I think, illegal, and no further trial was proper.

MORSE, J., did not sit.