COMMONWEALTH *vs.* M. F. McCLUSKY.

Middlesex.   March 31, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Complaint — Appeal — Nolle Prosequi.*

If a defendant who has been convicted upon a criminal charge in a district court takes an appeal to the Superior Court, the district attorney before the jury are impanelled may enter a *nolle prosequi* in the Superior Court, without the defendant's consent, as in other cases.

After the entry of a *nolle prosequi*, if no step has been taken to reeall it or to revive the complaint, the defendant is entitled to a formal order discharging him from the complaint.

COMPLAINT to the First District Court of Eastern Middlesex, for embezzlement.   The defendant was tried and found

guilty in the district court, and appealed to the Superior Court. After the complaint was entered in that court, and before the jury were impanelled, the district attorney entered a *nolle prosequi.* The defendant thereupon filed a motion, in which he objected to the entry of the *nolle prosequi*, and asked to be " discharged from this complaint," and " from further answering to the charge contained in this complaint." *Thompson*, J. overruled the motion, and refused to order the discharge of the defendant; and the defendant alleged exceptions.

*M. Coggan*, for the defendant.

*A. J. Waterman*, Attorney-General, *&amp; H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. It is obvious that the defendant was put in peril by his trial in the district court, and while that peril continued, that is, during the trial in that court, it may be assumed that the refusal to prosecute further would have amounted to an acquittal. *Commonwealth* v. *McCormick*, 130 Mass. 61. *Commonwealth* v. *Hart*, 149 Mass. 7. But the defendant by his appeal from the judgment of the district court has availed himself of his right to have the trial in that court go for nothing, and to be tried anew in the Superior Court. By availing himself of this right, he placed himself in the same position as if he had not been tried at all, so far at least as respects the question now before us. The former judgment was set aside and vacated; he was discharged and free from the peril in which he formerly stood, and as one consequence the district attorney might enter a *nolle prosequi* with the same effect as if there had been no previous trial, and the general rule was applicable, that a *nolle prosequi* may be entered without the defendant's consent before the jury are impanelled. *Commonwealth* v. *Scott*, 121 Mass. 33. The case of *Commonwealth* v. *Smith*, 98 Mass. 10, is analogous, where it was held that, after the verdict of guilty on an indictment had been set aside on a motion for a new trial, and before further proceedings in the case, the district attorney might enter a *nolle prosequi* against the objection of the defendant.

It is plain that the effect of entering a *nolle prosequi* under such circumstances is not to acquit the defendant of the offence, so as to bar a new prosecution for it. *Bacon* v. *Towne*, 4 Cush.

217, 235. There has been some discussion elsewhere as to whether a *nolle prosequi*, after being once duly entered, can be recalled, and fresh proceedings taken in the same case. *The King* v. *Pickering*, cited in Hardres, 83. *The Queen* v. *Allen*, 1 B. & S. 850. *State* v. *Shilling*, 10 Iowa, 106. *Woodworth* v. *Mills*, 61 Wis. 44. *Bowden* v. *State*, 1 Tex. App. 137, 145. See also 1 Bishop Crim. Proc. § 1395, and *Moulton* v. *Beecher*, 1 Abb. N. C. 193, for ample citations of authorities. We need not enter upon that question, since no such course was attempted in the case before us. A *nolle prosequi* was duly entered, and it still remains of record. So far as this complaint is concerned, the district attorney declared, and still declares, that he will no further prosecute it. The defendant therefore should not be held further to attend to answer to it while this state of things continues, and he is entitled to be released and discharged from actual or constructive custody on this complaint; at the very least, until some step is taken to recall the *nolle prosequi*, and to revive the complaint. But the defendant has no right to decide this question for himself, and to depart without leave. *Commonwealth* v. *Teevens*, 143 Mass. 210. It follows that he is entitled to a discharge by the court from any complaint which is at an end. The court should have granted that part of the defendant's motion which asked for an order that he be discharged from this particular complaint. *Commonwealth* v. *Gould*, 12 Gray, 171, 173. *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133, 136. *Knott* v. *Sargent*, 125 Mass. 95, 98. *Commonwealth* v. *Bressant*, 126 Mass. 246. Such a discharge is not equivalent to an acquittal, or to a general discharge from custody, provided there is any other charge or complaint against him. *Brown* v. *Lakeman*, 12 Cush. 482. *Morgan* v. *Hughes*, 2 T. R. 225, 231. *Goddard* v. *Smith*, 1 Salk. 21; *S. C.* 6 Mod. 261, 262, and 2 Salk. 456.

<em>Exceptions sustained.</em>