*Castle & Withington* for defendant.

---

## TERRITORY OF HAWAII *v.* JAMES E. FULLERTON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 10, 1905.          DECIDED MARCH 14, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

On September 15, 1904, F. appealed to circuit court from decision of district magistrate convicting him of assault and battery. Nolle prosequi was entered in circuit court November 1, 1904. On October 28, 1904, F. was indicted for malicious injury, on which indictment there was a mistrial entered on November 15, 1904. Case again set for trial November 28, 1904, and then postponed until December 1, 1904. Motion by prosecution for continuance from December 1, 1904, to December 9, 1904, was denied. Nolle prosequi entered as to this indictment. On December 30, 1904, F. again indicted for malicious injury and for assault and battery. On motions to quash and pleas in bar to said indictments, held:

(1)   After appeal from district magistrate effect of nolle prosequi in circuit court no bar to subsequent prosecution for same offense. *King v. Manner*, 3 Haw. 339, followed.

(2)   Speedy trial not denied.

(3)   Former jeopardy not shown.

OPINION OF THE COURT BY WILDER, J.

On September 15, 1904, in the district court of Honolulu, James E. Fullerton was tried, convicted and sentenced on a

charge of assault and battery. From this decision of the district magistrate he appealed to the circuit court. On November 1, 1904, a nolle prosequi was entered in the circuit court on this charge. On October 28, 1904, he was indicted for the offense of malicious injury, to which indictment, on November 2, 1904, he entered a plea of not guilty. On November 15, 1904, after a trial on said indictment, the jury failed to agree and a mistrial was entered. On November 17, 1904, Hon. Geo. D. Gear, second judge of the first circuit court, before whom the matter was then pending, assigned it to the Hon. W. J. Robinson, the third judge of said court. On November 19, 1904, the case was set to be tried on November 28, 1904, on which last day the court continued the trial until December 1, 1904, on the ground that the assistant attorney general, who had charge of the prosecution of the case for the Territory, was then actually engaged in the trial of a criminal case before the Hon. Geo. D. Gear, presiding judge at that term of court. On December 1, 1904, the assistant attorney general moved that the matter be continued until December 9, 1904, on the ground that he was the acting deputy attorney general at that term of court, and that for a week past he had been and was at that time actively engaged in the trial, before Judge Gear, of the case of *Territory v. Mahaulu,* and that said trial would not be finished on that day or possibly that week, these facts appearing by affidavit. This motion was denied, and the prosecution not being ready to proceed in the absence of Mr. Prosser, a nolle prosequi was entered by the court on motion of one of the attorney general's deputies. On December 30, 1904, the defendant was again indicted for malicious injury and also for assault and battery (apparently the same assault and battery for which he had been convicted in the district court) and gross cheat. On February 14, 1905, defendant filed a motion to quash the indictment for assault and battery on the ground that it was illegal for the reason that by the action of the attorney general in having a nolle prosequi entered on his appeal from the district magistrate on the con-

viction for assault and battery he had been denied his right of appeal and had not been given a speedy trial, and that he had been placed in jeopardy more than once for the same offense. On the same day he also filed a plea in bar to said indictment on the ground that if prosecuted thereon he would be placed twice in jeopardy for the same offense. On February 15, 1905, defendant moved that the indictment for malicious injury be quashed on the ground that it was illegal for the reason that, these offenses having arisen out of one transaction, he had been once tried for this offense, and by reason of the entering of the nolle prosequi upon the first indctment. On the same day he also filed a plea in bar to the said indictment on the same grounds. On February 18, 1905, the trial on each of these three indictments was transferred to the Hon. J. T. DeBolt, the first judge of the first circuit court. On February 20, 1905, to the indictments for assault and battery and for malicious injury defendant filed a motion for discharge from actual or constructive custody upon the grounds set forth in the motions and pleas, and upon the further ground that the punishment would be cruel and unusual if he should be convicted on the two indictments. On February 27, 1905, the first judge of the first circuit court overruled the motions to quash and pleas in bar and in effect disposed of the motion to discharge. The circuit judge certified to this court defendant's interlocutory bill of exceptions containing these rulings, presumably on the theory that he thought the same advisable for a more speedy termination of the case (Revised Laws, Sec. 1864), although the certificate, which is unsatisfactory in form, does not set out that fact.

The first question presented for consideration is the effect of the nolle prosequi in the circuit court after the appeal from the district magistrate. In prosecutions instituted in the first instance in the circuit court there is no question but that at any time prior to the impaneling of the jury a nolle prosequi may be entered by the court on motion of the attorney general. See *King v. Robertson,* 6 Haw. 718; 35 L. R. A. 701, note. So far

as the entering of the nolle prosequi was concerned, defendant was in the same position as if the prosecution had been begun in the circuit court in the first instance. This court has expressly held that after an appeal from a district magistrate a nolle prosequi is no bar to a subsequent trial. *King v. Manner,* 3 Haw. 339. See also *Commonwealth v. McCluskey,* 151 Mass. 488. We are clearly of the opinion that the effect of this nolle prosequi did not and does not bar a subsequent prosecution for the same offense.

As to the contention of the defendant that he has been denied a speedy trial, it is difficult to ascertain from the record what case defendant has been denied a speedy trial of. It could not be of the first indictment for malicious injury because that ended in a nolle prosequi. It could not be the trial on the appeal from the district magistrate because that also ended in a nolle prosequi. It could not be on the two indictments presented on December 30, because defendant has not even attempted to get a trial on either indictment. Therefore defendant has not been denied a speedy trial.

Defendant's contention that he has been placed twice in jeopardy is untenable, at least at this time. Only after a trial and a conviction or an acquittal on one of the indictments is had, can the question be raised as to whether defendant can be tried on another of the indictments.

There is no merit in any of the other contentions of the defendant.

While the attorney general had a right to nolle prosequi the first indictment and the grand jury had a right to indict defendant again for the same offense, this course may become vexatious and should not be followed except for good reasons. It may be, and we are inclined to think, that such a course, at least to the extent it was carried in this instance, should not have been taken, but the exceptions cannot be sustained for that reason.

The exceptions are overruled and the cases are remanded to the circuit court for further proceedings.

*M. F. Prosser,* assistant attorney general, for the Territory.

*Geo. A. Davis,* with whom *J. J. Dunne, F. E. Thompson* and *A. M. Brown* were on the brief, for defendant.