## STATE v. THOMAS.

1. INDICTMENT.—It is not an abuse of discretion in trial Judge to permit a solicitor to *nol. pros.* an indictment charging one person with larceny with the avowed purpose of sending out another in which the same person would be charged with larceny, and another with receiving the stolen goods.
2. IBID.—Finding by grand jury of no bill on count charging two persons with larceny, and true bill on count charging one of them with the same larceny, and on count charging the other with receiving the goods knowing them to be stolen, is not contradictory or uncertain.
3. CHARGE.—Where the Judge instructs jury where admission of guilt of one of two defendants is admitted that it is only binding on the one making it, it is not error to refuse request on that point in general charge.
4. CHARGE here complained of construed in connection with the words immediately preceding held not to instruct jury to give their best judgment in the verdict, but that facts must be proved beyond reasonable doubt.

Before GARY, J., Marlboro, Fall Term, 1905.

Indictment against Eliza Thomas. From sentence, Eliza Thomas appeals.

*Mr. T. I. Rogers,* for appellant, cites: *As to charge:* 66 S. C., 455. *As to new trial:* 68 S. C., 46.

*Solicitor J. M. Johnson,* contra.

December 10, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendants were indicted for the larceny of three finger rings of the value of $150.

The defendant, Eliza Thomas, was convicted of the larceny of the finger rings, while the defendant, Anna Rogers, *alias* Anna Hearsey, was convicted of having received the three rings knowing that they had been stolen. The latter made a confession, but the former stoutly denied the crime. The solicitor gave out three bills of indictment, one after an-

other, entering a *nol. pros.* as to the first indictment. Then he entered a *nol. pros.* on the second indictment. On the third indictment, defendant appellant objected to the sufficiency of the finding of the grand jury, on the ground that the same was contradictory and uncertain. Then the presiding Judge overruled the objection, and both of the defendants were ordered to trial before one and the same jury. Both defendants were found guilty generally.

The last indictment was in these words: "The State of South Carolina, County of Marlboro. At a Court of General Sessions begun and holden in and for the County of Marlboro, in the State of South Carolina, at Bennettsville, in the county and State aforesaid, on the third Monday of October, in the year of our Lord one thousand nine hundred and five, the jurors of and for the county aforesaid, upon their oath present, that Eliza Thomas and Anna Hearsey, otherwise called Anna Rogers, late of the county and State aforesaid, on the ninth day of June, in the year of our Lord one thousand nine hundred and five, with force and arms, at Bennettsville, in the county and State aforesaid, three finger rings of the value of one hundred and fifty dollars, of the proper goods and chattels of Mrs. Sallie Douglas, then and there being found, feloniously did steal, take and carry away, against the form of the statute in such case made and provided and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present that Eliza Thomas, on the ninth day of June, in the year of our Lord one thousand nine hundred and five, with force and arms, at Bennettsville, in the county and State aforesaid, three finger rings of the value of one hundred and fifty dollars, of the proper goods and chattels of Mrs. Sallie Douglas, then and there being found, feloniously did steal, take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that Anna Hearsey, otherwise called Anna

Rogers, late of the county and State aforesaid, on the ninth day of June, in the year of our Lord one thousand nine hundred and five, with force and arms, at Bennettsville, in the county and State aforesaid, three finger rings of the value of one hundred and fifty dollars, of the proper goods and chattels of Mrs. Sallie Douglas, by Eliza Thomas, then lately before feloniously stolen, taken and carried away, of and from the said Eliza Thomas, unlawfully, unjustly and for the sake of wicked gain, did buy and receive, she, the said Anna Hearsey, knowing the aforesaid goods and chattels to have been lately before feloniously stolen, taken and carried away, against the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The grand jury found no bill on the first count, but found a true bill on the second count against Eliza Thomas, who alone was indicted for the theft of the three rings; and on the third count the grand jury found a true bill against Anna Rogers, *alias* Anna Hearsey, who was charged therein with buying and receiving the three rings from Eliza Thomas, knowing the said rings to have been lately before feloniously stolen, taken and carried away. When the first count was eliminated from the indictment, the second count became the *first count,* and likewise the third count became the *second count.* After the verdict of guilty as to Anna Rogers, she did not appeal, but Eliza Thomas appealed on five grounds, which we will consider in their order, to wit:

"I. Because it was an abuse of discretion on the part of the solicitor, and an oversight on the part of the presiding Judge, to allow the solicitor, over the protest of the defendant, to enter *nol. pros.* upon the first indictment found against Eliza Thomas, for the avowed purpose of giving out the second bill and coupling her trial with that of another defendant charged with another and separate offense." We fail to discover any error as here pointed out. It has been a long established practice in this State for the Solicitor to *nol. pros.* indictments until a proper one can be submitted. As was said by Judge Whitner, as the

organ of the Court in the case of *State* v. *McKie,* 1 Bailey, 651, 654: "The solicitor has the right to enter a *nolle prosequi* at any time before the jury is charged but not after." Chitty, in his Common Law, 478, says: "A *nolle prosequi* may be entered during all the stages of pleading to the indictment." This ground of appeal is overruled.

"II. Because the first and second counts of the indictment charged the defendant, Eliza Thomas, with one and identically the same offense, and the grand jury having found 'no bill' on the first count, and 'true bill' on the second count, the two findings are contradictory, the one of the other, and there was no certain finding of a true bill by the grand jury against said defendant. And the presiding Judge erred in refusing to arrest judgment and grant a new trial on this ground." In the indictment the counts are not numbered. For convenience they are referred to as first, second and third. But when the grand jury returned no bill as to the first, it was no longer to be considered as the first count, but the second count, because first, and third became the second count. There was perfect certainty in the findings of the grand jury, and, therefore, it was not error in the Circuit Judge in refusing to arrest judgment and grant a new trial on this ground.

"III. Because his Honor erred in failing and refusing to charge the following request of the defendant: 'Testimony has been admitted in this case tending to prove statements made by the defendant, Anna Hearsey. This testimony was admitted as against her only. This is not proper or competent testimony against Eliza Thomas, and the jury must not allow such testimony to affect their finding as to her.'" The Circuit Judge, when testimony was admitted in the trial of the cause, as to the confessions made by Anna Rogers, *alias* Anna Hearsey, repeatedly declared that such testimony could only be applied to Anna Rogers, but could not be applied to Eliza Thomas. This ground of appeal is overruled.

"IV. Because his Honor erred in using the following language in charging the jury: 'In other words, we want your judgment. What is your honest good judgment in this case? If upon the first count you are trying, your judgment after hearing the testimony, after hearing the facts—that is what you must be guided by—is what the law expects of you—your best judgment, that is all that is required of you; if your judgment leads you to the conclusion that Eliza Thomas committed larceny in taking the rings—that is, that she feloniously took them and carried them away—if that is your judgment on this testimony, you find her guilty. And that would end the case as to her.'"

The appellant has been led into this error as to the Circuit Judge by failing to quote his language just before the language of this exception. The Circuit Judge said in his charge: "Now what must be the proof before you? The law does not require that you should be satisfied of any question of fact to a moral certainty; because that would be an extreme case for the trial of a question of fact. You did not see it; are not supposed to have seen it; and are supposed to know nothing of the question of fact personally. Therefore, you must get it second-handed, and the law does not expect of the State to prove to your satisfaction to a moral certainty the question of fact; but it does say it must prove it to your satisfaction beyond a reasonable doubt." This exception is overruled.

"V. Because it was an abuse of discretion in the presiding Judge to refuse the defendant's motion for a new trial upon the ground that there was no sufficient competent testimony to warrant the finding of the jury." There was no error in the Circuit Judge, as here pointed out. The responsibility of the verdict was upon the jury. There was an abundance of testimony to justify this verdict. This ground of appeal is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and the same is affirmed.