## 14450

### STATE v. CHARLES

(190 S. E., 466)

February, 1936.

*Messrs. Joseph E. Hines* and *Osborne, Butler & Moore,* for appellant,

*Mr. J. L. Lancaster,* for respondent.

March 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The appellant, J. Harry Charles, was indicted together with one Vance Phillips, in the Spartanburg County Court, charged with the unlawful possession and transporting of contraband liquor. Prior to the calling of the case for trial against the two defendants, the solicitor investigated the facts, as is usual in such cases. This investigation convinced him that the car in which Phillips and Charles were riding at the time they were apprehended was owned and driven by Phillips; that Charles had only been picked up by Phillips a short time before the officers pursued them; that all of the liquor in the car belonged to Phillips, with the exception of about one-half gallon, which Charles had on his person; and that Charles had not participated in the possession or transportation of any of the liquor, with the exception of the half gallon.

Following his investigation, the solicitor agreed with counsel for the defendant, Charles, that he would recommend to the County Judge a sentence of three months for Charles in the event he entered a plea of guilty to the count in the indictment charging unlawful possession of the half gallon of liquor. When the case was called for trial, the defendant Phillips entered a plea of guilty to the count charging the unlawful transportation of liquor; and Charles entered a plea of guilty to the charge of unlawful possession

of liquor, pursuant to the agreement with counsel for Charles. The solicitor then, in open Court, recommended to the County Judge that Charles be given a sentence of three months. The trial Judge declined to accept the recommendation of the solicitor, and immediately imposed a heavier sentence upon the appellant. Thereupon, the attorney for the appellant, Mr. Joseph E. Hines, called the attention of the Court to the fact that the plea of guilty entered by his client had been made in the belief that the recommendation of the solicitor would be acceptable to the Court, and he therefore requested that the appellant be permitted to withdraw his plea of guilty and enter a plea of not guilty. This request was granted by the Court.

The trial Judge, following these proceedings, ordered the solicitor to proceed with the trial of the case against the defendant, Charles, and directed the clerk to forthwith draw a jury for that purpose. The solicitor objected to the immediate trial of the case, upon the ground that the appellant had pleaded guilty in the presence of the petit jury in open Court; that the colloquy between the Court and the attorneys had taken place in the presence of the entire panel drawn for the week, and that he thought it was not possible for the appellant to receive a fair and impartial trial before the same jurors who had heard what had transpired. He insisted that in fairness to the appellant the case should be continued. The trial Judge thereupon stated that the case would be called for trial at 2:30 o'clock p. m., on that day, and that if the county solicitor refused to try it, he had the power to cite him for contempt, but that instead of doing so, he would appoint Mr. J. L. Lancaster, a member of the Spartanburg Bar, as special solicitor to try the case in his place, holding, over the vigorous protest of the county solicitor, that the Court had the right to order the case to trial, and to exercise the power to appoint another attorney as solicitor; and further holding, in effect, that the solicitor's right to call cases was subject to the Court's direction as to what cases should be called, and when they should be tried.

When the solicitor again attempted to present his views in regard to what he conceived to be his legal rights as a duly elected officer, and to point out his understanding of the limitations of the power of the Court to determine what cases should be called for trial, and in what order, the Court directed the solicitor to take his seat, and announced that he would hold him under a charge of contempt.

When the Court reconvened after the noon recess, the county solicitor, in open Court, entered a *nolle prosequi* across the indictment, and announced to the Court what he had done. This action on the part of the solicitor was immediately overruled by the trial Judge, and at the same time he ordered the sheriff to take the solicitor into his custody.

Counsel for the appellant, Mr. Hines, then moved for a continuance of the case on the ground, not only that there was no valid indictment before the Court, but upon the further ground that the defendant could not receive a fair and impartial trial because of what had transpired between the Court and the solicitor, all of which had taken place in the presence of the petit jurors, who had heard the entire proceeding, and, further, that the rights of the defendant had been prejudiced because of his plea of guilty in their presence, and the withdrawal of that plea. The motion for continuance was overruled, the Court stating that the entry of the *nolle prosequi* on the indictment was null and void, and the case then proceeded to trial.

When the jury was drawn, the appellant's counsel objected to the entire panel on the ground that there was no indictment before the Court, and when he persisted in stating his objections, after he had been ordered to desist by the trial Judge, he, too, was ordered by the Court to be taken in charge by the sheriff for contempt of Court. Whereupon, Mr. Hines stated to the Court that he could not properly defend his client under circumstances wherein he had been cited for contempt. He refused to participate in the trial, but did not withdraw from the case. Mr. J. L. Lancaster,

upon the request and under the instructions of the County Judge, undertook to act as county solicitor, and the trial resulted in a verdict of guilty.

The exceptions of the appellant raise several important issues. A decision, however, of the vital question presented —which is, Did the county solicitor have authority to enter a *nolle prosequi* on the indictment, and was it error to proceed with the trial thereafter?—will dispose of the case.

From a review of the authorities in this State, it appears that the question now before us has never hitherto been squarely presented for decision. The facts of this case make it a question of the gravest public concern that the respective rights and powers of these public officers, who exercise functions so important under our system of government, should be definitely settled and defined. Otherwise, it is conceivable that there might be a repetition of the regrettable incidents which this record discloses, arising from the conscientious assertion of conflicting prerogatives, which cannot but tend to bring about a condition detrimental to the due administration of justice, and subversive of all orderly procedure.

Article 5, Section 29, of the Constitution of 1895 contains, among others, the following provision: "In the event of the establishment of County Courts the General Assembly may provide for one Solicitor for each county in the place and instead of the Circuit Solicitor, and may prescribe his powers, duties and compensation."

Section 97 of our 1932 Code provides:

*"Duties of County Solicitor*—The said County Solicitor shall represent the State in all cases brought before the said County Court wherein the State is a party, and shall have the same powers and perform the same duties with reference thereto as a Circuit Solicitor with reference to cases brought before the Court of General Sessions."

Section 197 of the Code contains this language: "It shall be the duty of the County Solicitor to appear for and repre-

sent the State in all criminal cases tried in the said county Court."

It is stated in 22 R. C. L., 97, that the practice of entering a *nolle prosequi* originated in the criminal procedure of England, under which the power of entering a *nolle prosequi* was lodged exclusively in the Attorney General; that in the gradual development of criminal procedure in the United States, this particular right of the prosecuting officer has remained, but statutory enactment and limitation by the Courts, in some jurisdictions, have stripped him of most of his absolute power in this regard, and the consent of the Court is now required in many cases before a *nolle prosequi* can be entered; that, both under statutory enactment and in the absence thereof, the rulings of the Courts recognize that the right varies according to the stage or period of the prosecution at which the *nolle prosequi* is sought to be entered; and that the weight of authority is to the effect that, in the absence of statute on the subject, the entering of a *nolle prosequi* before the jury have been impaneled and sworn lies in the sole discretion of the prosecuting officer.

The same rule is announced in 16 C. J., § 780, page 432, where it is said that at the common law, only the Attorney General could exercise the power to enter a *nolle prosequi* upon an indictment; and where there is no statute upon the subject, this power is still reposed in the Attorney General or the several public prosecutors. It is there said that there are three periods of the prosecution in which a *nolle prosequi* may be entered, namely, before the jury is impaneled, while the case is before the jury, and after the verdict; and that a *nolle prosequi* may be entered with out defendant's consent at any time before the jury are impaneled, since all of the authorities agree that the jeopardy of the accused does not begin until the jury are fully impaneled and sworn.

Further elaborating this point, the rule is generally announced to be (16 C. J., § 782) that at common law the

matter of entering a *nolle prosequi* rests entirely within the discretion of the prosecuting officer, at all stages of a criminal prosecution before the jury are impaneled, and leave of Court is not necessary; and, by the weight of authority, this is still the rule in the absence of a change by statute.

In the absence of a statute, the Court has no power to enter, or to direct the prosecuting officer to enter, a *nolle prosequi*, and in some jurisdictions the Court is expressly prohibited from so doing. But the Court may advise a *nolle prosequi,* and it is unusual for the prosecuting officer to disregard such advice, and it seems to have been the practice in some cases for the Court to enter the *nolle prosequi* at the instance of the prosecuting officer. 16 C. J., § 783, page 435.

As appears from an annotated note on this subject, 35 L. R. A., 701, in the American states the practice is far from uniform. Some states have undertaken to follow the English rule entirely. Others have, by statute, made it possible for the prosecuting officer to enter a *nolle prosequi* only by the consent of the Court; other states, by long practice only, may be said to have established the rule that the consent of the Court must be obtained at a certain stage of the proceedings and for certain purposes. Certainly the great weight of authority is to the effect that, in the absence of statute on the subject, the entering of a *nolle prosequi* before the jury have been impaneled and sworn lies in the sole discretion of the prosecuting officer.

A case which appears to have been more relied upon than any other is that of *Com. v. Tuck,* 20 Pick. (Mass.), 356, and for that reason it more nearly embodies the American rule of law and practice. It holds that there are three periods in which a *nolle prosequi* may be entered, before the jury are impaneled, while the case is before the jury, and after the verdict. In the first it is clear that a *nolle prosequi* may be entered by the prosecuting officer; but when the jury is impaneled for the trial, the defendant acquires new rights

which the Court will protect. He is entitled to a verdict which will be a bar to further prosecution, and a *nolle prosequi* is not a bar.

Following this case, it is held in *Com. v. Wheeler,* 2 Mass., 172, that "the power of entering a *nolle prosequi* is to be exercised at the discretion of the attorney who prosecutes for the government, and for its exercise he alone is responsible." Certainly the Court is not legally competent to give any advice on this subject.

The case of *Com. v. Smith,* 98 Mass., 10, relying upon the two cases last above cited, says that it can hardly be deemed an open question that, after the indictment has been found and returned into Court, and before any proceedings have been had thereon, the attorney for the government has authority to enter a *nol. pros.* on the indictment. "The exercise of such an authority is not only in conformity to the ancient and uniform practice in the Courts of this Commonwealth, but it has been distinctly recognized by this Court as being reasonable and proper, and not inconsistent with the legal rights of the defendant."

Following the cases of *Com. v. Tuck,* and *Com. v. Wheeler, supra,* the case of *State v. Tufts,* 56 N. H., 137, holds that the power of the prosecuting officer is held *virtute officio;* that he executed it on his own responsibility, and the Court has no right to interfere with its exercise; but it will take care that it shall not operate to the prejudice of the defendant's rights; that he is to exercise the power at his own discretion and for its exercise he alone is responsible, and the Court further says that "if an extreme case should arise, as where it is made to appear to the Court that the prosecuting officer is acting corruptly, the Court will be justified in refusing to permit a *nol. pros.* to be entered until the public authorities could remedy the evil; and for corruption in office he would be subject to impeachment."

The following cases are harmonious in announcing the same doctrine: *State v. Smith,* 49 N. H., 155, 6 Am. Rep.,

480; *State v. Smith,* 67 Me., 328; *United States v. Shoemaker,* Fed. Cas. No. 16,279, 2 McLean, 114; *Merwin v. Huntington,* 2 Conn., 209, 212; *People v. Pline,* 61 Mich., 247, 28 N. W., 83; *People v. McLeod,* 1 Hill (N. Y.), 377, 37 Am. Dec., 328; *Com. v. Seymour,* 2 Brewst. (Pa.), 567; *State v. Thompson,* 10 N. C., 613.

In the last-cited case the Court said: "It seems, from the authorities cited [not shown in the report] that the Attorney General had a discretionary power to enter a *nolle prosequi,* for the proper exercise of which he is responsible. We know of no case where the Court has interfered with the exercise of this power, though they certainly would do so if it were oppressively used."

In a Pennsylvania case, *Agnew v. Cumberland County Commissioners,* 12 Serg. & R., 94, it is said: "A *nolle prosequi* is never the act of the Court, but of the attorney-general."

As shown in an annotated note, in 45 L. R. A. (N. S.), 1123, and 103 A. L. R., 1253, more recent cases are cited, supporting the rule announced in the earlier cases, holding that the prosecuting attorney has the power to enter a *nolle prosequi* without the assent of the Court. It is needless, however, to extend this opinion with additional citations from other jurisdictions.

A review of our own cases shows that in this commonwealth we have followed the common-law rule from the earliest days of our judicial history; *State v. Frost,* 1 Brev., 385 (3 S. C. Law); *State v. Joseph Haskett,* 3 Hill (21 S. C. Law), 95; *State v. Blyth,* 1 Bay (1 S. C. Law), 166; *State v. McKee,* 1 Bailey's Law (17 S. C. Law), 651, 21 Am. Dec., 499; *State v. Shirer,* 20 S. C., 392.

It was said in the case of *State v. Haskett, supra,* that "it is competent, and every day's practice, for the solicitor or attorney general to enter a *nol. pros.* on one indictment, and to prefer another; and the effect of this is only to vary the form of the charge, and neither entitles the party to a

discharge from custody, nor to have an exoneration entered on his recognizance."

It was stated in the case of *State v. McKee, supra:* "The Solicitor has the right to enter a *nolle prosequi* at any time before the jury is charged, but not after. Chitty, in his Criminal Law, 478, says, a *nolle prosequi* may be entered during all the stages of pleading to the indictment."

The decision in *State v. Richardson,* 47 S. C., 166, 25 S. E., 220, 222, 35 L. R. A., 238, turns upon another point, but throws light upon the issue we are now discussing, and is related to it. In that case the Court quoted with approval the following excerpt from 11 Am. & Eng. Ency. of Law, 949: " 'Before the jury is impaneled and sworn, the prosecuting officer may enter a *nolle prosequi* at his pleasure, and it will be no bar to a subsequent prosecution for the same act; but if it is entered after the jury is impaneled and sworn, without the consent of the defendant, it is equivalent to an acquittal, and he cannot be again put in jeopardy for the same offense.' "

Two later cases decided by our Court also have a bearing upon the point involved: *State v. Thomas,* 75 S. C., 477, 55 S. E., 893, and *State v. Wells,* 162 S. C., 509, 161 S. E., 177, 180.

In the *Wells case,* the first question raised by the appellant suggested that it was improper on the part of the Court to allow the solicitor to *nol. pros.* the first indictment; and this expression is found in the opinion of the Court in that case: "This Court has held that, subject to the approval of the trial Judge, the solicitor has broad power as to entering a *nolle prosequi* on an indictment at any time before the jury has been charged with the trial of the case. In *State v. Thomas,* 75 S. C., 477, 55 S. E., 893, 894, this was said: 'It has been a long established practice in this state for the solicitor to *nol. pros.* indictments until a proper one can be submitted. As was said by Judge Whitner, as the organ of

the Court in the case of *State v. McKee*, 1 Bailey, 651, 654, 21 Am. Dec., 499: "The solicitor has the right to enter a *nolle prosequi* at any time before the jury is charged but not after." Chitty, in his Common Law, 478, says: "A *nolle prosequi* may be entered during all the stages of pleading to the indictment." ' "

It will be noted that the point as to whether or not the Court had any control over the power of the solicitor to *nol. pros.* the indictment prior to the time that the defendant was placed in jeopardy was not involved. It seems to have been assumed, and taken for granted by counsel engaged in the case, that the trial Judge had some authority over the action of the solicitor in the case quoted from. This Court, from the language used, apparently assumed the same thing. When the Court said, "This Court has held that, subject to the approval of the trial Judge, the solicitor has broad power as to entering a *nolle prosequi* on an indictment at any time before the jury has been charged with the trial of the case," this language, which indicates that the power of the solicitor to *nol. pros.* a case, was "subject to the approval of the trial Judge," was not essential to the decision, and was in no sense a contested point. The case was argued and decided upon the theory that the appeal involved the point as to whether the Judge had abused his supposed discretion, and it was assumed, without the point being raised, that it was within the judicial discretion to allow or not allow the solicitor to enter a *nolle prosequi*.

In addition to this, it will be seen that the authorities cited by the Court as supporting the inadvertent statement made by it did not support the doctrine that the trial Judge has control over the power of the solicitor to enter a *nolle prosequi* in a case prior to the time that the jury has been charged with the trial of the case.

There is no statute in this State bearing upon the question of the power of the solicitor to *nol. pros.* an indictment prior to the time the jury has been

charged with the trial of the case. In the absence of such a statute, we adhere to the common-law rule on the subject as indicated by the decisions of this Court which we have cited, and the other authorities noted. This holding is not only in accord with the great weight of authority in this country, but also with the established practice in this State, a practice followed so long and so consistently that it well may be said to have crystallized into law.

In our opinion, the county solicitor, in the light of our cases, and by long practice, was within his rights in entering a *nolle prosequi* upon the indictment, without the consent of the Court.

This being true, it logically follows that the defendant was not tried upon a valid indictment, and that all of the proceedings in the trial which followed the entry of the *nolle prosequi* were nugatory.

The exceptions raise other questions, but in view of the disposition we have made of the issue discussed, it is not necessary to consider them.

The judgment of the County Court is reversed, and the conviction and sentence of the appellant set aside.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.