## 22816

In re Darrin Jamel BROWN, deceased; Ex parte Helen Delores SMITH, mother; Roberta Brown, sister; Arlene Brown, sister; Francina Brown, sister; and Robert Brown, brother, Respondents. The STATE, Appellant v. Isa GREEN, Defendant.

(363 S. E. (2d) 688)

Supreme Court

*Hemphill Pride, II,* of *Law Firm of Hemphill Pride, II,* Columbia, *for respondent.*

*Sol. James C. Anders,* and *Asst. Sol. Thomas M. Neal, III,* Columbia, *for appellant.*

Heard Oct. 7, 1987.

Decided Jan. 11, 1988.

HARWELL, Justice:

This matter arose from a criminal investigation of police officer Isa Greene's fatal shooting of Darrin Jamel Brown. The Richland County Grand Jury indicted the officer.

Respondents, family members of the decedent, then petitioned the Court of General Sessions to disqualify the Fifth Circuit Solicitor as prosecutor because of his allegedly extrajudicial statements to the media. Respondents also sought the appointment of a special prosecutor with respondents' attorney appointed to assist in prosecuting Officer Greene.

At the outset of the hearing on this petition, the solicitor informed the Court that the law enforcement investigation of the shooting was complete. He further stated that, based on his determination that the shooting was a case of police self-defense, he had issued a nolle prosequi.

Both parties stipulate in the statement of the case that the issues before the trial judge were:

a. whether the nolle prosequi of the Solicitor deprived the court of jurisdiction to entertain respondents' petition; and

b. whether respondents were "victims" under the Victim's & Witness's Bill of Rights [S. C. Code Ann. §§ 16-3-1510 to -1560 (1985) ].

The trial judge ruled that the court had jurisdiction notwithstanding the nolle prosequi; he further ruled that respondents were "victims" under the statute.

The lower court's order was superseded by an order issued by Chief Justice Ness on March 31, 1987.

The State appeals the assertion of jurisdiction by the lower court over the Greene matter. The State contends that the solicitor's nolle prosequi prevented the lower court from taking jurisdiction, thus rendering any subsequent proceedings void. We agree and reverse.

A nolle prosequi is an entry of the prosecuting officer's decision that he will not proceed to prosecute a case. *State v. Gaskins*, 263 S. C. 343, 210 S. E. (2d) 590 (1974). It has long been the law in South Carolina that the decision to nolle prosequi is a matter within the solicitor's discretion.

In *State v. Charles*, 183 S. C. 188, 190 S. E. 466 (1937), this court adopted as the law of the state the common law rule that a solicitor's nol pros before the impaneling of the jury is not subject to court interference:

There is no statute in this State bearing upon the question of the power of the solicitor to *nol. pros.* an indictment prior to the time the jury has been charged with the trial of the case. In the absence of such a statute, we adhere to the common law rule on the subject ...

In our opinion, the county solicitor in the light of our cases, and by long practice, was within his rights in entering a nolle-prosequi upon the indictment, without the consent of the Court.

183 S. C. at 198, 199, 190 S. E. at 470. This Court then held as follows:

This being true, it logically follows that the defendant was not tried under a valid indictment, and that all of

the proceedings in the trial which followed the entry of the nolle prosequi were nugatory. *Id.*

The continued viability of the *Charles* rule is evidenced by our holding in *State v. Ridge*, 269 S. C. 61, 236 S. E. (2d) 401 (1977): "In this State, the entering of a nolle prosequi at any time before the jury is impaneled and sworn is within the discretion of the solicitor; the trial judge may not direct or prevent a nol pros at that time." *Id.* at 64, 236 S. E. (2d) at 402; *See also Mack v. Riley*, 282 S. C. 100, 316 S. E. (2d) 731 (Ct. App. 1984) (solicitor has discretion to enter nol pros at any time before jury impaneled, and decision not to prosecute case is the actual termination thereof). *State v. Ridge, supra*, also recognized an exception to the rule of complete prosecutorial discretion to nol pros where the judge finds the solicitor has acted corruptly.

Respondents read *State v. Ridge* to bestow jurisdiction upon the trial court to provide them a "corruption" or "capriciousness" hearing to determine the validity of the solicitor's nol pros. We disagree.

The "corrupt or capricious solicitor" exception recognized in *State v. Ridge* is narrow. The exception prevents the repeated use of nol pros by the solicitor as a dilatory tactic to harass or wear down a defendant. The exception therefore serves to guarantee preservation of an indicted defendant's speedy trial right. Without the exception, a defendant would have no protection from or recourse against prosecutorial abuse.

Respondents here maintain a quite different posture from the *State v. Ridge* defendant. We need not reach the issue of whether respondents meet the definition of "victims" under the "Victim's and Witness's Bill of Rights," S. C. Code Ann. § 16-3-1510 to -1560 (1985), nor need we interpret the extent of participation in the criminal justice process a "victim" under the "Bill of Rights" is allowed. Sufficient for purposes of this appeal is our holding that *State v. Ridge* does not impart jurisdiction on the trial court to hear members of the public, whether statutory "victims" or not, contest a solicitor's nol pros.

It therefore follows that the trial court lacked jurisdiction to entertain respondents' requests after the entry of the nol pros. The order of the trial judge is accordingly

Reversed.

GREGORY, CHANDLER, JJ., and ALEXANDER M. SANDERS, Jr., Acting Associate Justice, concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice: (dissenting)

I respectfully dissent. The single issue before this court is, once a circuit court has accepted jurisdiction, may a solicitor thereafter enter a *nolle prosequi* and, thereby, deprive the circuit court of jurisdiction to settle and decree the rights of the parties.

I agree with the majority with respect to the law governing the rights of a solicitor to *nolle pros* a case. However, when the solicitor *nolle prossed* the case against Isa Greene, in my opinion, the court had already acquired jurisdiction to entertain the respondents' petition seeking the solicitor's removal and a determination of their rights under The Victims and Witnesses Bill of Rights, S. C. Code Ann. § 16-3-1510 to 1560 (1985).

The term "jurisdiction" is used with reference to the authority of courts to hear and determine causes of action between parties and render judgment with respect to these causes of action. *See e.g., Matheson v. McCormac,* 186 S. C. 93, 195 S. E. 122 (1938). *See also,* South Carolina Constitution, Article V, §§ 1, 7 (1987). In this state, there is no limitation on the court's power to adjudicate a case or controversy except as prohibited by law. *Matheson v. McCormac, supra.*

Accordingly, I conclude that the solicitor's entry of a *nolle prosequi* did not deprive the circuit court of jurisdiction. I would remand this case and allow the circuit court to conclude its hearing.