595 S.E.2d 241

**Jerome MACKEY, Petitioner**

v.

**STATE of South Carolina, Respondent.**

No. 25795.

Supreme Court of South Carolina.

Submitted Oct. 22, 2003.

Decided March 22, 2004.

Rehearing Denied April 21, 2004.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, Assistant Attorney General W. Bryan Dukes, all of Columbia, for respondent.

PER CURIAM:

On May 11, 1995, Petitioner was indicted for grand larceny, resisting arrest and first-degree burglary. On June 27, 1995, the prosecution *nolle prossed* Petitioner's indictments. Although Petitioner was never re-indicted, he was tried and convicted of these charges on May 30, 1996. We vacate Petitioner's conviction and sentences.

### FACTUAL/PROCEDURAL BACKGROUND

On May 30, 1996, Petitioner was convicted of petty larceny, resisting arrest and first-degree burglary and received an aggregate sentence of fifteen-years imprisonment.[1] The Court of Appeals affirmed Petitioner's conviction. *State v. Mackey*, 97–UP–566 (filed October 30, 1997).

Petitioner filed an application for post-conviction relief ("PCR") dated January 21, 1999. On December 8, 1999, the State filed an amended return and motion to dismiss the case for failure to file within the statute of limitations. The Honorable A. Victor Rawl granted the State's motion without a hearing and dismissed the case by written order dated August 12, 2000.

On January 24, 2002, this Court granted Petitioner's petition for a writ of certiorari to review the following question:

Did the State need to re-indict Petitioner so that the trial court could retain subject matter jurisdiction and convict him after the indictments were *nol prossed* ?

---

1. These documents were not provided in the Record on Appeal.

668

### LAW/ANALYSIS

Petitioner argues that because his charges were *nol prossed,* the State needed to re-indict him so that the trial court would retain subject matter jurisdiction. We agree that Petitioner needed to be re-indicted, but we do not need to conduct a subject-matter-jurisdiction analysis to reach this conclusion.

 A *nolle prosequi* is an entry by the prosecuting officer indicating that he has decided not to prosecute a case. *State v. Gaskins,* 263 S.C. 343, 347, 210 S.E.2d 590, 592 (1974). This Court has held that all proceedings following an entry of a *nolle prosequi* are void because the indictment was no longer valid. *State v. Charles,* 183 S.C. 188, 199, 190 S.E. 466, 470 (1937). In the case *In re Brown,* this Court has also held that a solicitor's *nolle prosequi* of an indictment charging police officer with fatally shooting third party prevented the trial court from taking jurisdiction, thus rendering any subsequent proceedings void. 294 S.C. 235, 237, 363 S.E.2d 688, 689 (1988). Given this precedent, we hold that when a solicitor enters a *nolle prosequi,* charges are extinguished.

 In this case, the solicitor did, however, retain the right to re-indict Petitioner because jeopardy does not attach until a jury has been empaneled and sworn. In fact, this Court has held that "if the *nolle prosequi* is entered prior to the jury being empaneled and sworn, there is no bar to further prosecution for the same offense because the innocence or the guilt of the defendant would not have been adjudicated." *State v. Patrick,* 318 S.C. 352, 357, 457 S.E.2d 632, 636 (1995). In *Patrick,* the solicitor re-indicted the defendant before seeking a conviction upon charges that were *nol prossed.* In the case at bar, the solicitor should have re-indicted Petitioner.

### CONCLUSION

A requirement of re-indictment upon charges *nol prossed* should not be based upon a subject-matter-jurisdiction analysis. This type of analysis would suggest that subject matter jurisdiction attaches upon indictment and in turn detaches upon a solicitor's entry of *nolle prosequi.*

We adopt a specific, bright-line rule that (1) establishes that a *nolle prosequi* upon charges extinguishes the State's prosecution upon those charges; (2) treats charges *nol prossed* as if they never existed; and (3) requires a court to dismiss charges when a solicitor has *nol prossed* the charges and failed to re-indict a criminal defendant upon those charges.

Based upon the foregoing reasoning, we Reverse the PCR judge's ruling and Vacate Petitioner's sentences and convictions.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.