9441

### STATE v. MESSERVEY.

(89 S. E. 662.)

1. CRIMINAL LAW—VENUE—HOMICIDE IN ONE COUNTY AND DEATH IN ANOTHER.—Under statute providing that where a person is injured in one county, and dies thereof in another, an indictment found by the jurors in either county shall be as good as if the injury had been committed in the county where death occurs, where one was shot in one county and died in another, an indictment in county of the death was good.

2. INDICTMENT AND INFORMATION—SUCCESSIVE INDICTMENTS—VALIDITY.
—Where accused was indictable and was indicted in two counties,
it was not necessary to the validity of the second of the two indict-
ments that a *nol. pros.* should have been entered upon the first indict-
ment since conviction upon the second indictment protected him from
the first indictment.

3. CRIMINAL LAW—FORMER JEOPARDY—NOLLE PROSEQUI.—*Nolle prose-
qui* does not bar another indictment.

4. HOMICIDE—EVIDENCE—MALICE.—In trial for murder of A., accused
having killed him and F., testimony that accused, while F.'s son was
crying at his father's casket, said: "It is not a damn bit of use crying
over these old men; they did not have much time to live"—was admis-
sible, since it was for the jury to say whether accused was speaking
of A., as well as F., and it was competent on the question of malice.

5. HOMICIDE—INSTRUCTIONS—RESISTANCE TO UNLAWFUL ACTS.—In mur-
der for killing of one who, with a dispensary constable, attempted to
arrest accused, an instruction upon required degree of proof of vio-
lation of law justifying such arrest *held* proper.

6. HOMICIDE—SELF-DEFENSE—RESISTING ARREST—DE FACTO OFFICER.—
In trial for murder in resisting arrest by constable and another, it
was not error to refuse to charge that one must qualify before he
could act as constable.

7. HOMICIDE—INSTRUCTIONS—SELF-DEFENSE.—A charge that: "The plea
of self-defense is good in law when made out to the satisfaction of
the jury; and, if you find that the defendant fired the shot to save
himself from death or serious bodily harm, then you must find him
not guilty"—was properly refused as omitting the requisite that
defendant must be without fault in bringing on the difficulty.

Before MOORE, J., Charleston, June, 1915. Affirmed.

J. W. Messervey was convicted of manslaughter, and
appeals.

Appellant states his case as follows:

"On July 6, 1909, the defendant, J. W. Messervey, shot
one J. D. Altman at Ravenel, in Colleton county, from which
wound the said J. D. Altman subsequently died in Charles-
ton county. The same year an indictment for murder was
found by the grand jury of Colleton county against J. W.
Messervey, but he was never tried, as he was serving a sen-
tence for the killing of C. P. Fishburne. In 1915, J. W.
Messervey, having been released from the penitentiary on

account of his physical condition, and the indictment in Colleton county being still pending, a bench warrant was issued from Colleton county, and Messervey surrendered and was imprisoned in the jail of Charleston county. While awaiting the action of the Court of General Sessions for Colleton county, which issued the bench warrant, the Court of General Sessions for Charleston county met, and the grand jury found another indictment for murder. Upon this indictment the defendant was forced to trial, although the indictment of Colleton county was still pending, and in spite of the fact that he was being held on a bench warrant issued from said Court. Between the time of the finding of the indictment in Colleton county and the finding of the grand jury in Charleston county the legislature passed an act which transferred the territory in which the shooting occurred from Colleton county to Charleston county. This act made no provision for the transfer of any criminal cases pending. The shooting out of which arose this indictment was caused by the attempted arrest of the defendant by C. P. Fishburne, a dispensary constable, and J. D. Altman, who had no official position; and one of the important questions in the case was the power to arrest without a warrant by a peace officer and a private citizen. Before the trial a motion in abatement to the indictment was made, on the ground that the Court had no jurisdiction while the indictment was pending in Colleton county, and before sentence a motion in arrest of judgment was made on the same ground. The jury found a verdict of manslaughter, with recommendation to mercy, and the Court sentenced the defendant to 20 years."

*Messrs. Paul M. Macmillan* and *B. H. Matthews,* for appellant, cite: *As to territorial jurisdiction:* 15 How. 467; Crim. Code 147; 64 L. R. A. 807. *Change of county lines (27 Stats. 327) did not change jurisdiction of Courts:* 53 S. C. 198; 59 S. C. 232. *Prior indictment should have been dismissed:* 103 Cal. 193; 42 Am. St. Rep. 103. *Jurisdic-*

*tion which had vested was not changed:* Crim. Code, sec. 147; 67 Fed. 306. *Charge on arrest without warrant:* Voorhees Arrests 132 and 171; 67 S. C. 199. *Charge as qualification of officer:* Civil Code, sec. 1472; 86 S. C. 503. *Arrest by private citizen:* Voorhees Arrests 100; 85 S. E. 328.

*Mr. Solicitor Peurifoy* and *Messrs. Howell & Gruber,* for respondent, cite: 27 Stats. 327; Crim. Code, sec. 147; 10 Enc. Pl. & Pr. 528; 22 Cyc. 310 and 223. *Arrests:* 86 S. E. 505.

July 4, 1916.

The opinion of the Court, reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

1. Appellant complains: "The Court had no jurisdiction to try defendant on the indictment found by the grand jury of Charleston county."

The statute invoked is as follows:

"When any person shall be struck, wounded, poisoned, or otherwise injured in one county, and dies thereof in another, any inquisition or indictment thereon found by jurors of either county shall be as good and effectual in law as if the stroke, wound, poisoning or other injury had been committed and done in the county where the party shall die. And the person guilty of such striking, wounding, poisoning or other injury and every accessory thereto, either before or after the fact, shall be tried in the county where such indictment shall be found; and if convicted, punished in the same mode, manner and form as if the deceased had suffered such striking, wounding, poisoning or other injury and death in the county where such indictment shall be found." Cr. Code 1902, sec. 119.

a. It will be observed that the statute says : "Any inquisition or indictment found thereon by jurors of either county, shall be good and effectual in law."

The record shows that Mr. Altman died in Charleston and the Charleston jury found the indictment. The Court must, therefore, declare the indictment good.

b. The appellant claims that the defendant has the right to know which Court had jurisdiction, and that no bill of indictment could be sustained in Charleston until there had, at least, been a *nol. pros.* entered on the bill in Colleton. The appellant has cited no authority for this proposition, and this Court knows no authority that makes such holding. If the defendant wanted protection from an indictment in Colleton, he now has it, in former jeopardy. *Nol. pros.* does not bar another indictment. See *State* v. *Haskett,* 21 S. C. L. (3 Hill) 95.

c. Again, appellant says : "The change of county lines does not change the jurisdiction of the Court."

That question is academic here. The question is not as to the jurisdiction of the Court in Colleton, but as to the jurisdiction of the Court in Charleston, and the deceased died in Charleston.

2. Again appellant says : "The Court erred in allowing testimony of P. M. Buckner as to alleged statements of defendant with reference to Mr. Fishburne."

Mr. Fishburne's son was crying at the casket of his father. The appellant, according to the witness, said : "It is not a damn bit of use crying over these old men; they did not have much time to live."

It was for the jury to say whether the appellant was speaking of Mr. Altman as well as Mr. Fishburne (he had killed both of these old men), and was competent on the question of malice.

3. The next complaint is as to defendant's twelfth request to charge : "I charge you that an officer who, on his own

responsibility, makes an arrest without a warrant is generally called upon to show that an offense was committed which justifies him in arresting the offender.

To establish the crime he has the burden of proving, beyond a reasonable doubt, all the elements which go to make up the offense. And the mere preponderance of evidence is never sufficient to convict one of crime, but a greater degree of proof is necessary—proof that will not allow a reasonable doubt of the prisoner's guilt to remain in the mind of the jury.

"The Court: I cannot charge you that. He has to prove beyond a reasonable doubt that a crime has been committed in the sense that that proof must show that the party was violating the law at the time; of course, he would have to show that violation beyond a reasonable doubt in order to justify the arrest. I charge you that as modified."

His Honor went far enough. This proposition cannot be sustained.

4. The Court erred in refusing to charge that it was necessary for a man to qualify before he could act as a constable. The case of *State* v. *Messervey,* 86 S. C. 503, 68 S. E. 766 (same parties), decided exactly the other way.

5. The appellant's fifth and seventh grounds of complaint are based upon the idea that Mr. Fishburne was not an officer, but merely a private citizen making an arrest without a warrant. It is a matter of law in this case that Mr. Fishburne was an officer. His title to his office was attacked collaterally (?) and on a question of law, and that has been decided by this Court in *State* v. *Messervey, supra.*

6. Because his Honor refused to charge: "The plea of self-defense is good in law where made out to the satisfaction of the jury, and if you find that the defendant fired the shot to save himself from death or serious bodily harm, then you must find him not guilty.

The Court: That is already covered by my charge, and is refused."

This leaves out that essential requisite that the defendant must be without fault in bringing on the difficulty.

All the exceptions are overruled, and the judgment is affirmed.

MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *concurring.* There was no error in refusing to charge the last mentioned request. In the case of *State* v. *McGreer,* 13 S. C. 464, his Honor, the presiding Judge, was requested to charge that: "If the prisoner really thought that his life was in danger, or that he was in danger of great bodily harm, he is not guilty, provided he did not negligently come to this conclusion."

The Court therein thus stated the reasons why the request was properly refused: "To give the instruction asked for in this case would have tended to convey to the jury the idea that the true test was the belief of the accused, as to the necessity for taking life, while we regard the true test to be the opinion of the jury, after hearing all the circumstances, whether the accused actually believed that such necessity existed, and whether, under all the circumstances surrounding the parties, at the time the violence was committed, he was warranted in forming such belief."

The request to charge in that case was less favorable to the defendant than in the present case. For these reasons I concur in the result.

MR. JUSTICE WATTS, *dissenting.* I dissent. The Court was in error in admitting the testimony of Buckner as complained of in the exception. This evidence was highly prejudicial to the defendant. It was incompetent, as in no view of the case did it show the animus or motive of the killing, as it was long after the killing, and was only introduced to prejudice the defendant before the jury as a hard-hearted, callous man. A constable, when he arrests, and testifies,

can generally be relied on to materially assist the State and furnish some evidence highly prejudical to the defendant, and in a number of cases this evidence should be received with great caution.