19919

The STATE, Appellant, v. Ernest GASKINS, Respondent
(210 S. E. (2d) 590)

344

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dept. Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Richard P. Wilson, Staff Attorney,* of Columbia, *for Appellant,*

*Howell A. Wilson, Esq.,* of Lake City, *for Respondent,*

December 4, 1974.

Moss, Chief Justice:

Ernest Gaskins, the respondent herein, was indicted at the 1973 April Term of the Court of General Sessions for Florence County and charged with driving a motor vehicle while under the influence of intoxicants, second offense, in violation of Section 46-343 of the Code. He was tried at the 1973 June Term of the Civil and Criminal Court for Florence County. The jury failed to agree and a mistrial was declared by the trial judge.

At the 1973 October Term of the Civil and Criminal Court for Florence County, the respondent did not appear and was tried in his absence, convicted, and a sealed sentence imposed.

The State instituted a proceeding to estreat the bond of the respondent, because of his failure to personally appear before the Civil and Criminal Court of Florence County for trial at the 1973 October Term thereof. It appears that on November 7, 1973, The Honorable W. T. McGowan, Jr., Judge of the Civil and Criminal Court of Florence County, issued his order refusing to estreat any part of the appearance bond and declaring the criminal charge against the respondent of operating a motor vehicle while under the influence of intoxicants dismissed, with prejudice. Such ruling was based upon a finding by the court that an assistant

solicitor had stated at the conclusion of the first trial that the State did not intend to pursue the matter further. This finding was based upon the assistant solicitor's recollection at a later date. It is agreed that "the indictment was not *nol prossed,* nor was a notation to such effect made in the criminal docket book" of the court. The transcript of the record of the first trial contains no such statement or any other reference to a final disposition of the case. The trial judge, by an amendatory order, dated November 13, 1973, set aside the conviction of the respondent at the second trial, granted a new trial, and reaffirmed his previous order dismissing the charge, with prejudice.

The State prosecutes this appeal from the orders of the trial judge.

It is the contention of the State that the trial judge was in error in dismissing, with prejudice, the charge of driving a motor vehicle while under the influence of intoxicants, based upon an oral statement of the assistant solicitor to the effect that the prosecution would not be further pursued. A tangent question is whether such an oral off-record statement constituted a *nolle prosequi.* It is also the contention of the State that the trial judge erred in considering an oral unsworn statement by the assistant solicitor, which did not appear by any court record, that the prosecution against the respondent had been terminated.

The Civil and Criminal Court for Florence County is a court of record. Section 15-611 of the Code. In this State we follow the rule that the acts of a court of record are known by its records alone and cannot be established by parol testimony. *Long v. McMillan,* 226 S. C. 598, 86 S. E. (2d) 477. Here, it is admitted that there was no notation of the disposition of this case entered upon or made a part of the records of the court. It follows that it was error on the part of the trial judge to consider the oral unsworn statement of the assistant solicitor which was allegedly made at the conclusion of the first trial to the effect that the State would not further prosecute the respondent.

A *nolle prosequi* is a formal entry on the record by the prosecuting officer by which he declares he will not prosecute the case further. 22A C. J. S., Criminal Law, Section 456, page 1. However, it is agreed that the indictment in this case was not *nol prossed* nor did the oral off-record statement by the assistant solicitor to the effect that the prosecution would not be further pursued, constitute a *nolle prosequi*.

A mistrial, because of the inability of the jury to agree on a verdict, is the same as if no trial had taken place and operates to prevent a plea of former jeopardy on the part of the defendant when called to trial again for the same offense. *State v. Bilton,* 156 S. C. 324, 153 S. E. 269. This rule is here applicable.

If, after a mistrial has been duly ordered, the prosecuting officer enters a *nolle prosequi,* such will not be a bar to a subsequent prosecution for the same offense. *State v. Messervey,* 105 S. C. 254, 89 S. E. 662, and *State v. Charles,* 183 S. C. 188, 190 S. E. 466.

Assuming that what the assistant solicitor said in this case amounts to a *nolle prosequi,* such would not adjudicate either the innocence or the guilt of the respondent and would be no bar to his future prosecution for the same offense. If a *nolle prosequi* is entered after the jury is empaneled and sworn, it is equivalent to an acquittal, and the defendant cannot again be put in jeopardy for the same offense. The plea of former jeopardy is not available to the respondent in this case. The oral statement by the assistant solicitor, hereinabove quoted, whether a *nolle prosequi* or not, did not warrant the trial judge in dismissing, with prejudice, the charge against the respondent.

We have no hesitancy in concluding that the State is not precluded from prosecuting the respondent in this case, regardless of the alleged statement of the assistant solicitor, whether such constituted a *nolle prosequi* or not.

It is our conclusion that so much of the order as set aside the conviction of the respondent in his absence and granted him a new trial is affirmed, and so much of the order as dismissed the charge, with prejudice, against him is reversed.

Affirmed in part and reversed in part.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.