**Michael Charles ALLMAN, aka Michael Charles White aka Charles Michael Barnes, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 83–162.**

Supreme Court of Wyoming.

March 1, 1984.

---

Leonard D. Munker, State Public Defender, Wyoming Public Defender Program, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Michael Charles Allman, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Michael A. Blonigen, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

In June, 1983, appellant was tried, convicted and sentenced on a charge of receiving stolen property. This charge had been dismissed in November, 1981. Although appellant urges other issues, the fundamental issue is whether appellant was properly tried on a charge that had been dismissed.

We will reverse.

This case has a convoluted and tortuous history. The final disposition was complicated by the fact that three district court judges and different lawyers handled various phases of the case. Judge Daniel R. Spangler handled the initial sentence pursuant to a plea bargain. Judge Robert A. Hill handled a writ of habeas corpus and remand back to the sentencing court. Judge Spangler attempted to revive the original case, and Judge R.M. Forrister presided at the actual trial.

On September 30, 1981, in the first case, No. 8462, appellant was charged in Count I of the information with concealing stolen property as described in § 6–7–304, W.S. 1977. In the same information he was charged in Count II with being an habitual criminal as defined in § 6–1–110, W.S.1977. On October 6, 1981, appellant pled not guilty to these charges.

On October 28, 1981, appellant escaped from the Natrona county jail, but was captured the next day. He then was charged in Count I, case No. 8505, with escape as described in § 6–8–301, W.S.1977; Count II of the information charged appellant with being an habitual criminal as defined in § 6–1–110, W.S.1977.

On November 24, 1981, appellant appeared before the court for proceedings in connection with both cases, Nos. 8462 and 8505. The state and appellant entered into a plea agreement. According to this agreement the state moved to dismiss Count I, concealing stolen property in the first case, and dismissed Count II in the second case, the habitual criminal allegation. This mo-

tion was granted according to the plea agreement. The dismissal of Count I in the first case and Count II in the second case was memorialized in the court's order dated November 30, 1981. Count II in the first case was amended to allege that appellant was an habitual criminal as defined in § 6-1-109, W.S.1977, rather than § 6-1-110, supra, as originally charged. Section 6-1-110 provides for a life sentence, whereas § 6-1-109 provides for a ten to fifty year sentence.

Appellant then pled guilty to escape, Count I of the second case, and admitted to being an habitual criminal Count II of the first case. He was sentenced to serve one year on the escape charge and ten to twenty years as an habitual criminal. The two sentences were to run concurrently and credit was given appellant for time served in the county jail.

On September 21, 1982, Judge Hill declared the one year sentence for escape voidable because it was contrary to § 7-13-201, W.S.1977. The sentence did not establish a minimum and maximum term. Both parties to this appeal agree that any problem with the sentence for escape is moot because appellant served that sentence.

In the habeas corpus proceeding before Judge Hill, March 25, 1983, the judge ruled that appellant's "sentence as an habitual criminal is unlawful in that it is separate and apart from the conviction for the underlying substantive offense of escape." See *State v. Evans*, Wyo., 655 P.2d 1214 (1982). Appellant was "remanded to the jurisdiction of the Seventh Judicial District of Wyoming for further proceedings."

On May 2, 1983, appellant appeared before the district court for further proceedings after remand pursuant to Judge Hill's order. In these proceedings the district court stated "that the plea agreement was invalid." This was the agreement that resulted in a sentence of one year for escape in the second case and a term of ten to twenty years for being an habitual criminal

in the first case. The court further stated that, "all parties should be relieved from the consequences of that agreement, which would have the effect of reinstating what was originally listed as Count I in Case 8462 [the first case], the concealing stolen property charge. So I will proceed with the understanding that that charge is the one now properly before the court and defendant has earlier entered a plea of not guilty to that."

Appellant objected to this procedure and reminded the court that Count I in the first case, concealing stolen property, had been dismissed and was not before the court. After numerous motions and petitions the first case was tried in June, 1983. Appellant was found guilty of Count I, receiving stolen property and the trial court granted appellant's motion for a judgment of acquittal on Count II, the habitual criminal charge. Appellant was subsequently sentenced for receiving stolen property, Count I in the first case.

■ In summary, Count I of the first case, receiving stolen property, was dismissed in November, 1981. Thereafter, in June, 1983, appellant was tried, convicted and sentenced on Count I. Count I was never refiled.[1] The court merely stated that the plea agreement was invalid and that would have the effect of reinstating the concealing stolen property charge which was then tried before a jury.

■ The dismissal of an information cancels that information and restores a defendant to the position he was in before he was originally charged. *Greathouse v. State*, 5 Md.App. 675, 249 A.2d 207 (1969). After an information, or a count in an information has been dismissed, that information or count is terminated and there can be no further prosecution under the dismissed information or count. Any further proceedings based upon an information or count that has been dismissed is a nullity. *Greathouse v. State*, supra; *State v. Sutton*, 64 Ohio App.2d 105, 411 N.E.2d

---

1. It is universally held that when an information is dismissed before jeopardy attaches there is no bar to a subsequent prosecution for the same offense. 1 Wharton's Criminal Law, § 60, p. 315 (14th ed. 1978). See *Cherry v. State*, Ind., 414 N.E.2d 301 (1981), cert. dismissed, 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033 (1981).

818 (1979); *State v. Charles*, 183 S.C. 188, 190 S.E. 466 (1937); 22A C.J.S. Criminal Law § 456, p. 2 (1961).

The cases cited here involve the nolle prosequi[2] of an indictment; however, the rules of law announced are equally applicable to the dismissal of an information.

In this case we need not decide whether a dismissed count in an information can be reinstated. The district court merely proceeded with the understanding that the count was reinstated, but did not purport to order its reinstatement. However, we know of no rule, statute or other authority that permits reinstatement, resuscitation or resurrection of an information that has been dead for more than a year and one-half.

The count in the information upon which appellant was convicted was dismissed in November, 1981, and the charge was not refiled. We hold, therefore, that appellant's conviction was improper.

Reversed.

---

**2.** A nolle prosequi is a formal entry on the record by the prosecuting officer by which he declares he will not prosecute the case further. *State v. Gaskins*, 263 S.C. 343, 210 S.E.2d 590 (1974); and 22A C.J.S. Criminal Law § 456, p. 1 (1961).