8 F.3d 173
 Irvin Jefferson WILSON, Petitioner-Appellee,
v.
Richard S. LINDLER, Warden, McCormick Correctional
Institution; State of South Carolina; Attorney
General of South Carolina; T. Travis
Medlock, Attorney General,
Respondents-Appellants.
 No. 92-6613.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 28, 1993.
Decided Oct. 25, 1993.
 
 Donald John Zelenka, Chief Deputy Atty. Gen., Columbia, SC, argued, for appellant.
 Parks Nolan Small, Federal Public Defender, Columbia, SC, argued, for appellee.
 Before ERVIN, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, WILKINSON, WILKINS, NIEMEYER, HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges, sitting en banc.
 OPINION
 PER CURIAM:
 
 
 1
 This case is before the en banc court upon the petition for rehearing of Lindler, Warden, etc. after a panel of this court affirmed the district court's grant of a writ of habeas corpus to Wilson in Wilson v. Lindler, 995 F.2d 1256 (4th Cir.1993). See also 995 F.2d at 1267 (4th Cir. August 2, 1993) (order granting petition for rehearing). The facts of the case are set out in the majority and dissenting panel opinions.
 
 
 2
 Upon a review of the record and the briefs, and following oral argument, a majority of the court have voted to reverse the district court's grant of the writ. We hold that as far as the district court's decision was grounded on the Fifth Amendment, it was in error. Hurtado v. California, 110 U.S. 516, 534-35, 4 S.Ct. 111, 120, 28 L.Ed. 232 (1884). We further hold that to the extent that the district court found that there was a violation of the Sixth and Fourteenth Amendments in the trial of this case in the courts of South Carolina, such a finding also was in error.
 
 
 3
 Even if we were to find such error in the trial of this case in the state court, the error was invited and therefore cannot form the basis for habeas corpus relief. We also hold that no exception to the invited error doctrine has ever been adopted by this circuit, and even if such an exception exists, it would not apply to this case.
 
 
 4
 Our holdings are based on the dissenting panel opinion of Judge Widener in this case, which we adopt as our own. Wilson, 995 F.2d at 1262-67. Judges Russell, Widener, Hall, Murnaghan, Wilkinson, Niemeyer and Luttig agree to the foregoing parts of this opinion and its holding to reverse the district court.
 
 
 5
 Judges Wilkins and Williams concur in the result. They would reverse on the sole ground that if an error at trial was committed it was invited by Wilson.
 
 
 6
 Chief Judge ERVIN and Judges PHILLIPS and HAMILTON respectfully dissent. They would hold that the state indictment in this case was constructively amended and that Wilson's Sixth and Fourteenth Amendment rights were therefore violated. They further would hold that although such error in this case may have been invited, there is an exceptional circumstances exception to the invited error doctrine that would apply to this case. Thus, under this view, the district court's grant of the writ would be affirmed. They adopt Judge Hamilton's majority opinion of the panel as their own and would adopt it as the opinion of the en banc court. Wilson, 995 F.2d at 1256-62.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 REVERSED.