Miguel **MARTINEZ**, Plaintiff,

v.

Milton A. **SHAPP**, et al., Defendants.

No. 94–CV–1794.

United States District Court,
E.D. Pennsylvania.

July 18, 1994.

Miguel Martinez, pro se.

Beth Anne Smith, Philadelphia, PA, for defendants.

## MEMORANDUM & ORDER

JOYNER, District Judge.

Before the Court is defendants' motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, a prisoner at the Pennsylvania State Correctional Institution at Frackville, brought this action *pro se* against defendants—a former state governor, the current governor, and the current state attorney general—alleging deprivation of his right to indictment by a grand jury, and seeking declaratory, injunctive, and compensatory relief. Under a local procedural rule, we could grant the motion as uncontested.[1] However, because plaintiff is not represented by counsel, we have reviewed the substance of his claim and, for reasons that follow, grant defendants' motion on the merits.

### Facts

In 1974 defendant Milton J. Shapp, then governor of Pennsylvania, signed into law an act of the Pennsylvania General Assembly authorizing the initiation of criminal proceedings by information in lieu of grand jury indictment. 42 Pa.Cons.Stat.Ann. § 8931 (1994) ("the Act"). In or about 1993, plaintiff was held to answer criminal allegations by information and not by grand jury indictment. (Compl. ¶ 7.) Plaintiff was subsequently convicted and sentenced in the Court of Common Pleas for the County of Philadelphia. (*Id.*) Defendant Robert Casey was governor of Pennsylvania and defendant Ernest D. Preate was attorney general of Pennsylvania during the proceedings against plaintiff.

In a claim based on 42 U.S.C.A. § 1983 (1994) ("§ 1983"), plaintiff alleges that defendant Shapp, by creating the Act, and defendants Casey and Preate, by enforcing it, violated several of his rights secured by the United States Constitution, including, principally, the Fifth Amendment's proscription against criminal prosecutions begun other than by grand jury indictment.[2] Plaintiff requests a judgment declaring the Act unconstitutional, injunctive relief against defendants Casey and Preate, and compensatory and punitive damages from defendant Shapp in his individual capacity. (Compl. ¶¶ 9–16.)

### Standard for Reviewing Defendants' Motion

A Rule 12(b)(6) motion to dismiss may be granted only when it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Labov v. Lalley*, 809 F.2d 220, 221–22 (3d Cir.1987) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Under this standard, we find plaintiff can prove no set of facts in support of any of his claims.

### Discussion

■ With respect to defendants' alleged violation of the Fifth Amendment, plaintiff

---

1. Rule 20(c) of the Local Rules of the U.S. District Court for the Eastern District of Pennsylvania provides that a motion may be treated as uncontested if no opposing brief is filed within 13 days after the motion is served by mail on the nonmovant (plaintiff here). The motion was served by mail May 23, 1994 and no opposing brief had been filed with this Court by June 10, 1994.

2. Plaintiff also alleges, without explanation, violations of the *Ex Post Facto* Clause of Article I, § 10; the Supremacy Clause of Article VI, § 2; the oath provisions of Article VI, § 3; the First Amendment right to petition government for redress of grievances; and the Tenth, Thirteenth, and Fourteenth Amendments. (Compl. ¶ 8.)

can prove no set of facts entitling him to relief because the Fifth Amendment's grand jury indictment requirement does not apply, via the Fourteenth Amendment, to the states. In the landmark case of *Hurtado v. California*, 110 U.S. 516, 520, 4 S.Ct. 111, 113, 28 L.Ed. 232 (1884), the U.S. Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not require state prosecutions to proceed by grand jury indictment. While other provisions of the Fifth Amendment have been made applicable to the states by the Fourteenth Amendment, *see Albright v. Oliver*, —— U.S. ——, ——, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994), the requirement for grand jury indictments has not, and *Hurtado* remains the law of the land. *Wilson v. Lindler*, 8 F.3d 173, 174 (4th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1101, 127 L.Ed.2d 414 (1994); *Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir.1990); *Buehl v. Lehman*, 802 F.Supp. 1266, 1269 (E.D.Pa.1992); *Commonwealth v. Slick*, 432 Pa.Super. 563, 568, 639 A.2d 482, 485 (1994).

The laws of the Commonwealth of Pennsylvania, therefore, are not subject to the Fifth Amendment's requirement of grand jury indictments. It follows that plaintiff can prove no set of facts, relative to the Act at issue, entitling him to relief under that clause of the Fifth Amendment. We therefore dismiss plaintiff's Fifth Amendment claim. And, to the extent that they are derived from his Fifth Amendment claim, we also dismiss plaintiff's claims of violations of Article VI, §§ 2, 3 (Supremacy and Oath Clauses), and his claims of violations of the Tenth and Thirteenth Amendments.

■ Plaintiff has likewise failed to state a claim with respect to the Constitution's proscription of *ex post facto* laws. U.S. Const. art. I, § 10, cl. 1. An *ex post facto* law is one which provides for punishment for an act which, when committed, was innocent, or which, in a similar retrospective fashion, provides for more burdensome punishment, different standards of proof, or different rules of evidence. *Taylor v. Pennsylvania*, 686

F.Supp. 492, 496 (M.D.Pa.1988) (citing *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987)). In the instant case, the last amendments to the law in question were made in 1980. 42 Pa.Cons. Stat. § 8931 (1994). Therefore, the Act cannot be termed *ex post facto* with respect to plaintiff's 1993 prosecution. It follows that plaintiff can prove no set of facts to support his claim that he has been punished by means of an *ex post facto* law.

Finally, any claim that defendants have violated plaintiff's right to petition government for a redress of grievances is without merit based on the facts of this case; this right is not implicated by the Act in question.

■ Since we dismiss plaintiff's claim on the merits, we need not reach the justiciability issues defendants raise in their motion. Assuming, however, that plaintiff had raised a valid claim, his request for declaratory and injunctive relief from defendants Casey and Preate would not be barred by the Eleventh Amendment.[3] Under the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which, like *Hurtado*, remains good law, declaratory and injunctive relief may be sought in federal court against a state officer sued in his or her official capacity, notwithstanding the Eleventh Amendment. This doctrine is anomalous in that, on the one hand, the officer's acts are seen as state action for the purposes of the Fourteenth Amendment and § 1983 claim while, on the other hand, the same acts are seen as those of the individual officer for the purposes of the Eleventh Amendment. *See* Charles A. Wright, Law of Federal Courts § 48, at 286–92 (4th ed. 1983). While prospective relief can be sought in such actions, however, damages cannot since they would be paid from state funds, thereby making the state the real party in interest and invoking an Eleventh Amendment bar. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Ass'n*, 450 U.S. 147, 101 S.Ct. 1032, 67

---

**3.** The amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

L.Ed.2d 132 (1981). The same doctrine supports the proposition that, for the purpose of prospective relief only (as opposed to damages), state officers may be defined as persons under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989) (citations omitted). *See also Laskaris v. Thornburgh,* 661 F.2d 23, 26 (3d Cir.1981), *cert. denied,* 469 U.S. 886, 105 S.Ct. 260, 83 L.Ed.2d 196 (1984) ("[t]o the extent that the ... complaint seeks prospective relief against the state officials, therefore, the district court has the power to grant it").

Contrary to defendants' argument, therefore, defendants in their official capacities are indeed persons under § 1983, and claims against them are not barred by the Eleventh Amendment, where the relief sought, as here, is prospective only. (*See* Compl., ¶¶ 9, 10.)

### *Conclusion*

In sum, we find that plaintiff can prove no set of facts to support any of his claims that defendants violated his constitutional rights by the passage and enforcement of 42 Pa. Cons.Stat.Ann. § 8931 (1994). Accordingly, defendants' motion to dismiss the claim pursuant to Fed.R.Civ.P. 12(b)(6) is granted.