UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6004
(CA-98-3073-20BD)

Aundray Livingston,

Petitioner - Appellant,

versus

Randolph Murdaugh, III, etc., et al,

Respondents - Appellees.

O R D E R

The court amends its opinion filed August 16, 1999, as follows:

On page 2, second full paragraph of text, line 2 -- the phrase "influence of alcohol" is corrected to read "influence of marijuana."

On page 4, second full paragraph, line 4 -- the phrase "strategically issue an instruction" is corrected to read "strategically seek an instruction."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

AUNDRAY LIVINGSTON,
Petitioner-Appellee,

v.

RANDOLPH MURDAUGH, III, Solicitor
14th Judicial Circuit of the State of

South Carolina; DIANE GOODSTEIN,
Presiding Judge of the Court of
General Sessions Court of the 14th
Judicial Circuit,
Respondents-Appellants.

No. 99-6004

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Henry M. Herlong, Jr., District Judge.
(CA-98-3073-20BD)

Argued: June 10, 1999

Decided: August 16, 1999

Before WILKINSON, Chief Judge, and
ERVIN and MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Ervin and Judge Michael joined.

_____

COUNSEL

ARGUED: George Robert DeLoach, III, Assistant Attorney General,
Columbia, South Carolina, for Appellants. Jared Sullivan Newman,

Port Royal, South Carolina, for Appellee. **ON BRIEF:** Charles M. Condon, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, Columbia, South Carolina, for Appellants.

_____

**OPINION**

WILKINSON, Chief Judge:

Aundray Livingston claims that he was "twice put in jeopardy" for the offense of reckless homicide. The district court agreed, and we now affirm.

I.

Aundray Livingston caused the death of Linda Smoak while driving under the influence of marijuana. The South Carolina Court of General Sessions tried Livingston on two charges: reckless homicide and felony driving under the influence (felony DUI). Without objection from either party, the trial judge erroneously instructed the jury that if it found Livingston guilty it could convict on only one of the charges but not both. The jury found Livingston guilty of felony DUI and the judge sentenced him to twenty-five years in prison. After the trial, the solicitor marked "judicial dismissal" on the reckless homicide indictment and removed it from the court's records. On appeal, the Supreme Court of South Carolina reversed Livingston's felony DUI conviction. State v. Livingston, 488 S.E.2d 313 (S.C. 1997).

The solicitor then reindicted Livingston for both reckless homicide and felony DUI. Livingston moved to dismiss the reckless homicide charge and to bar further prosecution, arguing that reprosecution for reckless homicide would violate his constitutional right not to be "twice put in jeopardy" for the same criminal offense. After Livingston's motion was denied, the state trial proceeded. Livingston then filed a motion for a writ of habeas corpus under 28 § U.S.C. 2254 in the United States District Court for the District of South Carolina.

The district court found that Livingston had exhausted his state remedies. See 28 U.S.C.A. § 2254(b)(1)(A) (1994 & Supp. 1999). It

2

reasoned that appeal of a denial of a double jeopardy claim would be futile because the South Carolina Supreme Court has held that "an order denying a double jeopardy claim is not immediately appealable." State v. Miller, 346 S.E.2d 705, 706 (S.C. 1986). The district court then enjoined prosecution of the reckless homicide charge and later granted the writ of habeas corpus. The felony DUI case resumed. As in the previous trial, the jury found Livingston guilty and the court sentenced him to twenty-five years in prison. In order to proceed with the reckless homicide charge, the State now appeals the district court's grant of habeas corpus.

II.

The State argues that jeopardy did not attach to the reckless homicide charge because the jury did not return a verdict on that count. Under the erroneous instructions, the jury could only choose one charge. From this the State reasons that the verdict shows merely that the jury chose to convict on felony DUI, not that it acquitted Livingston of reckless homicide.

We are mindful of the deference that is owed to the state court's adjudication of Livingston's claim. See 28 U.S.C.A. § 2254(d)(1) (1994 & Supp. 1999). Given the circumstances in this case, however, we have no choice but to respect the constitutional protection a defendant enjoys against being "twice put in jeopardy" for the same offense.

Here the jury was instructed that it could convict Livingston of either reckless homicide or felony DUI. The jury convicted on felony DUI, but remained silent on the reckless homicide charge. While there was no explicit acquittal, there was no conviction either. Under these odd circumstances, the jury's silence must be considered an implicit acquittal. See Green v. United States , 355 U.S. 184, 190-91 (1957) (holding that where a jury was instructed that it could convict on either first or second degree murder but returned a guilty verdict only on second degree murder, defendant could not be retried for first degree murder, since silence in the first trial on that charge constituted an implicit acquittal). Under the Green decision, jeopardy attached

3

because the jury implicitly acquitted Livingston of reckless homicide. Id.*

Nor did Livingston invite the error as the solicitor contends. See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (a defendant cannot complain of an error that he invited). As the district court found, Livingston initially suggested the erroneous instruction, but the solicitor "led the argument with the trial judge" and neither party challenged it on appeal. The trial judge even asked whether the solicitor had any law to support his assertion that the jury could find Livingston guilty of only one of the two charges. The solicitor answered, "Yes sir," despite the fact that no such law exists.

The State has had its fair opportunity to try Livingston for reckless homicide. A contrary judgment would run afoul of double jeopardy principles. Allowing a second trial for reckless homicide in this case would mean a prosecutor could strategically seek an instruction requiring a jury to choose between one of several charges and then, once the trial has ended, go after the defendant on undecided charges. Such a ruling would allow prosecutors to try defendants piecemeal, each time using a new jury to garner further convictions.

Any doubt that the jury's silence operated as an implicit acquittal was removed when the solicitor nol prossed the case. Under South Carolina law, "If a nolle prosequi is entered after the jury is empaneled and sworn, it is equivalent to an acquittal, and the defendant cannot again be put in jeopardy for the same offense." State v. Gaskins, 210 S.E.2d 590, 592 (S.C. 1974). Here the solicitor wrote "judicial dismissal" across the reckless homicide indictment. According to the solicitor, he wanted to ensure that the indictment would be admin-

_____

* This conclusion is not undermined by the fact that felony DUI is not a lesser included offense of reckless homicide. In Green, it was "immaterial" whether second degree murder was a lesser included offense of felony murder. 355 U.S. at 194 n.14. Rather, "[t]he vital thing is that it is a distinct and different offense." Id.; see also Terry v. Potter, 111 F.3d 454, 457 (6th Cir. 1996) (following this aspect of Green). But see United States ex rel. Jackson v. Follette, 462 F.2d 1041, 1045-46 (2d Cir. 1972) (arguing that under Green an implied acquittal occurs only when one crime is a lesser included offense of the other).

4

istratively gone. The district court found that this amounted to a <u>nolle prosequi</u>. Because it was entered after the jury was empaneled, it constituted an acquittal and double jeopardy attached.

III.

The circumstances here are not wholly analogous to a mistrial or a reversal on appeal, each of which raises its own distinct set of double jeopardy issues. When a conviction is reversed on appeal, for example, a defendant ordinarily may be retried for the same offense. <u>See Lockhart v. Nelson</u>, 488 U.S. 33, 38 (1988); <u>see also Burks v. United States</u>, 437 U.S. 1, 16-17 (1978) (an exception exists for when a conviction is reversed for insufficient evidence). Here, Livingston was neither formally convicted nor acquitted of reckless homicide. The State did, however, have every opportunity to convict Livingston of reckless homicide at his initial trial and it failed to do so. <u>See Terry v. Potter</u>, 111 F.3d 454, 458 (6th Cir. 1997).

Given the circumstances, it would be contrary to the Fifth Amendment to require Livingston to "run the gantlet" again after the first jury implicitly acquitted him, <u>Green</u>, 355 U.S. at 190, and the prosecutor dismissed the charge. For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.

5