**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4809

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CURTIS SPIVEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-01-484)

Argued: February 3, 2005               Decided: May 10, 2005

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Alan Wartel, Alexandria, Virginia, for Appellant. G. David Hackney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Curtis R. Spivey appeals his conviction for assault with a dangerous weapon with intent to do bodily harm. See 18 U.S.C.A. § 113(a)(4) (West 2000). Spivey appeals primarily on the ground that the submission of this crime to the jury, which he requested, constituted reversible error. For the reasons that follow, we affirm.

I.

Spivey and a fellow prisoner named John Darrell had an altercation after Darrell told Spivey to stop making noise while Darrell was watching television. According to Darrell, Spivey hit him with a five- or six-inch sharp object in his back and chest. Dr. Konrad Jarrett described the injury to Darrell's upper back as "just a scratch" and the injury to Darrell's left chest as "a puncture wound," which did not penetrate the chest cavity. J.A. 179. Dr. Jarrett opined that had the puncture wound penetrated far enough, it could have been fatal, and he described Darrell's injuries as consistent with having been inflicted by either an ice pick or an ink pen.

A grand jury returned a one-count superceding indictment charging Spivey with assault with intent to commit murder. See 18 U.S.C.A. § 113(a)(1) (West 2000). This offense carries a maximum sentence of twenty years. Before trial, both parties requested

2

that the district court also submit for the jury's consideration another offense defined in § 113(a), to wit, the offense of assault with a dangerous weapon with intent to do bodily harm, see 18 U.S.C. § 113(a)(4), which carries a maximum sentence of imprisonment of only ten years.

After the Government's case-in-chief, the district court asked the parties if there were any corrections or objections to the requested instructions, which included the offense of assault with a dangerous weapon with intent to do bodily harm. Aside from one objection raised by the Government irrelevant to this appeal, neither party raised an objection or suggested any change to the proposed jury instructions.

After reading the jury the agreed upon instructions, the district court asked counsel whether the jury had been fully and fairly instructed. Spivey's attorney responded, "Yes, your honor." J.A. 258. The district judge also requested that counsel review the verdict form. Spivey's counsel lodged no objection to the verdict form, which reflected both offenses. The jury returned a verdict of not guilty on the offense of assault to commit murder, but guilty on the offense of assault with a dangerous weapon with intent to do bodily harm. The district court sentenced Spivey to 110 months imprisonment.[*]

---

[*]Prior to sentencing, Spivey moved pro se for appointment of new counsel for purposes of sentencing and appeal, arguing that trial counsel was not trustworthy and effective, failed to raise

II.

Spivey principally argues that the district court erred by submitting to the jury the offense of assault with a dangerous weapon with intent to do bodily harm. Specifically, Spivey asserts that the submission to the jury of an offense other than that charged in the indictment is only appropriate in cases where the indictment already charges all the elements of the second offense. The indictment in this case charged Spivey with the offense of assault with intent to commit murder. Spivey contends that the use of a dangerous weapon is an element of the offense of assault with a dangerous weapon with intent to do bodily harm, but is not an element of the offense of assault with intent to commit murder. Stated another way, the offense of assault with a dangerous weapon with intent to do bodily harm is not a lesser-included offense of assault with intent to commit murder. Because the indictment charging Spivey with the offense of assault with the intent to commit murder did not include a finding on the element regarding the use of a dangerous weapon, Spivey contends the district court erred in instructing the jury as to the dangerous weapon offense and his conviction on this offense should be reversed.

---

several alleged discovery violations to the district court, and failed to call an unnamed defense witness at trial. At Spivey's sentencing hearing, the district court considered and denied Spivey's motion for appointment of new counsel for sentencing purposes. For purposes of this appeal, the district court ordered appointment of new counsel for Spivey.

4

The Government concedes that the offense of assault with a dangerous weapon with intent to do bodily harm is not a lesser-included offense of assault with intent to commit murder and that lesser offense instructions are only permissible in cases where the indictment contains the elements of the lesser offense. See Schmuck v. United States, 489 U.S. 705, 716 (1989) (adopting elements test where one offense is not necessarily included in another unless the elements of the lesser offense are a subset of the elements of the charged offense). Nonetheless, the Government argues that we should not reverse Spivey's conviction because the error was invited.

"'A defendant in a criminal case cannot complain of error which he himself has invited.'" United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (quoting Shields v. United States, 273 U.S. 583, 586 (1927)). In this case, Spivey specifically requested that the district court give the jury the instruction as to the offense of assault with a dangerous weapon with intent to do bodily harm. In addition, Spivey confirmed on no fewer than three occasions during trial his support for the district court's instructions. After the Government's case-in-chief, the district court consulted with counsel regarding the proposed instructions provided by the parties, which included the lesser offense instruction, and counsel for Spivey approved of the instruction. After the closing arguments, the district court instructed the jury on the lesser

5

offense of assault with a dangerous weapon with intent to do bodily harm, and Spivey's counsel affirmed that the jury had been fully and fairly instructed. Finally, the district court requested that counsel review the verdict form, which included each offense, and Spivey's counsel again concurred.

## A.

Spivey argues that this error cannot be classified as invited for three reasons. First, pointing to our opinion in Livingston v. Murdaugh, 183 F.3d 300 (4th Cir. 1999), where we held that the solicitor's role in seeking the jury instruction prevented any error from being classified as invited by the defendant, Spivey argues that the error in this case is likewise not invited. Specifically, Spivey points out that the Government requested the erroneous instruction in its proposed instructions to the court.

The solicitor in Livingston, however, played a dramatically different role from the part played by the Government in this case. In Livingston, we noted that while the defendant "initially suggested the erroneous instruction, . . . the solicitor led the argument with the trial judge." Id. at 302 (internal quotation marks omitted). Furthermore, when the trial judge asked whether the solicitor had any law to support his assertion that the instruction was proper, "[t]he solicitor answered, 'Yes sir,' despite the fact that no such law exists." Id.

6

In this case, no evidence suggests that the Government "led the argument with the trial judge" to give the jury an erroneous instruction as did the solicitor in <u>Livingston</u>. Rather, both Spivey and the Government requested the instruction in their proposed instructions to the court. Throughout trial, moreover, Spivey's counsel repeatedly approved of the district court's instruction on assault with a dangerous weapon with intent to do bodily harm, and the Government played no greater role than Spivey's counsel in assenting to the district court's instruction. Perhaps most importantly, and in contrast to the solicitor's conduct in <u>Livingston</u>, the Government never expressly misled the district judge into believing that there was law to support the erroneous instruction when in fact there was not. For these reasons, Spivey has failed to demonstrate that the Government's role in this case prevents any error from being classified as invited by him.

### B.

Second, Spivey contends that the Supreme Court's decision in <u>United States v. Olano</u>, 507 U.S. 725 (1993), changed the invited error doctrine. According to Spivey, errors after <u>Olano</u> must be classified as either waived or forfeited, such that there is no longer any room in the analysis for our traditional invited error

7

doctrine.  See United States v. Perez, 116 F.3d 840, 842 (9th Cir. 1997) (en banc).

We do not believe that Olano has worked such a change in our approach to the issue.  As the Court made clear in Olano, "[d]eviation from a legal rule is 'error' unless the rule has been waived."  Olano, 507 U.S. at 732-33.  By specifically requesting an instruction on assault with a dangerous weapon with intent to do bodily harm, counsel for Spivey gave up the right to complain about the submission of the offense to the jury.  Whether we call the error an invited error or a waived error under Olano is irrelevant.  Invited errors are by definition waived errors, and under Olano, not reviewable on appeal.  Spivey's claim that Olano somehow changed our invited error doctrine is therefore without merit, as evidenced by the fact that we have continued to apply the invited error doctrine, even after the Supreme Court's decision in Olano.  See, e.g., United States v. Bennafield, 287 F.3d 320, 325 (4th Cir. 2002) (applying invited error doctrine post-Olano and refusing to consider claim that district court erred by instructing the jury on an allegedly lesser, but not included, offense, given that defendant requested the instruction).

C.

Third, Spivey argues that an "exceptional circumstance" exists that would remove the bar to reversal erected by the invited error

8

doctrine.  That is, Spivey contends that reversal is necessary to preserve the integrity of the judicial process and prevent a miscarriage of justice because his conviction violates the Fifth Amendment prohibition against permitting "a defendant to be tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960).

We have never recognized an exception to the invited error doctrine, see  Wilson v. Lindler, 8 F.3d 173, 175 (4th Cir. 1993) (en banc), and we do not believe one is warranted in this case, given that Spivey's conviction would neither jeopardize the integrity of the judicial process nor cause a miscarriage of justice.


III.

Spivey also challenges his conviction on two other grounds. First, he contends that the district court should have charged the jury with the lesser offense of simple assault because there was conflicting testimony on the type of weapon used in the attack. Spivey failed to object to the omission of that instruction. Thus, the court reviews the omission for plain error.  See Olano, 507 U.S. at 732-35.

Generally, a district court is not required to submit a specific instruction unless the instruction is warranted by the evidence and is requested by a party.  See United States v. Baker,

985 F.2d 1248, 1259 (4th Cir. 1993). Neither the Government nor Spivey requested the instruction as to the lesser-included offense of simple assault. Nor did either party object to the omission of the simple assault instruction at any point. Because no party requested, or even suggested, that the district court instruct the jury as to the lesser-included offense of simple assault, the district court's failure to do so was not error.

Second, Spivey contends that his conviction should be reversed because his counsel was ineffective. In particular, Spivey asserts that his attorney was ineffective in failing to call available defense witnesses, to lodge any objections to the Government's allegedly late disclosure of certain information, to object to the Government's use of a withheld statement to impeach Spivey on the stand, and to file a timely new trial motion raising these issues.

Unless the record <u>conclusively</u> demonstrates counsel's ineffectiveness, this court will not review an ineffective assistance of counsel claim on direct review. <u>See</u> <u>United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994). The record does not conclusively demonstrate Spivey's allegations of ineffectiveness against his counsel.


IV.

For the reasons discussed above, we affirm Spivey's conviction and sentence.

<u>AFFIRMED</u>